HEARD NOVEMBER TERM, 1875.

## TILLMAN *vs.* WALKUP.

Where to an action on a sealed note, brought by the assignee thereof, the answer alleges that the assignment was collusive and pretensive, but sets up no defense which would have been valid had the action been brought by the payee: *Held*, That evidence to sustain the allegation that the assignment was collusive and pretensive was properly rejected by the Court below.

A Court of the State of North Carolina has no jurisdiction to remove an executor holding his office under the will of a testator who was domiciled in South Carolina at the time of his death, and whose letters testamentary were issued by a Court of Probate of the State last named.

To an action on a sealed note given to a South Carolina executor, an answer alleging that the note was given in North Carolina for rent of land lying in that State, that the payee had been removed from the executorship by a Court in North Carolina and an administrator with the will annexed appointed in his place, and that the note had been paid to the administrator, states no valid defense to the action.

BEFORE MACKEY, J., AT LANCASTER, FEBRUARY TERM, 1875.

Action by J. W. Tillman, plaintiff, against W. W. Walkup, defendant, on a sealed note for $130, dated January 29th, 1870, given by the defendant to B. J. Cureton, and assigned by him on February 21st, 1870, to the plaintiff.

The answer alleged that the note was given by the defendant and Samuel Givens, as sureties of one M. Rone, to B. J. Cureton as executor of the last will and testament of W. J. Cureton, deceased, for rent of land situate in the State of North Carolina, belonging to the estate of the testator; that defendant resides in the State last named, and that there was no proper and valid assignment of the note, and if it was transferred, as alleged by the plaintiff, the transfer was pretensive and collusive as between plaintiff and the executor; and for a further defense, that, under proceedings had in the Court of Common Pleas of Union County, in the State of North Carolina, B. J. Cureton was removed from his office as executor of W. J. Cureton, deceased, and John N. Davis appointed administrator with the will annexed of the estate of the testator in said last named State, with sole power to manage the estate and collect all debts due by parties therein; that all the obligors in the note were residents of North Carolina, and that they had paid the note to Davis, the administrator.

At the trial the plaintiff proved the assignment and closed. The defendant then offered evidence to sustain the allegations of the answer, but His Honor held that the only issue in the case was as to the execution of the assignment that the answer disclosed no other defense to the action, and on that ground he excluded the evidence, and the defendant excepted to his ruling.

The jury found for the plaintiff the amount due on the note, and the defendant appealed.

*Allison*, *Wylie*, for appellant.

*Moore*, contra.

February 27, 1876. The opinion of the Court was delivered by

MOSES, C. J. If the defense set up could have availed, had the action on the note been brought by B. J. Cureton, the payee, any collusion in its transfer between him and the respondent could not have prejudiced the appellant, and the testimony proposed to that

end was properly rejected. The points submitted will, therefore, be considered as if the complaint had been in the name of Cureton, the payee. The appointment of Davis by the Court in North Carolina as administrator with the will annexed of W. J. Cureton, and the removal of B. J. Cureton, the executor under the will, to whom letters testamentary had been granted by a competent jurisdiction in this State, within which the testator was domiciled at the time of his death, in no way affected the rights of Cureton as executor in South Carolina. Our Courts hold "that neither the ordinary nor any other tribunal has the power to discharge an executor, though the Courts of Equity may take the assets out of his hands where they are in danger of being wasted."—*Osborn* vs. *Black*, Sp. Eq., 431; *Hagood* vs. *Wells*, 1 Hill Ch., 60.

Whatever may be the effect of the order made by the Court of North Carolina, it is without force beyond its jurisdiction, and cannot affect assets in the hand of the executor in South Carolina, on which no process of the foreign Court could attach or operate.

Chancellor Kent, in *Murrell* vs. *Dickey*, (1 John. Ch., 155,) says: "It is well settled that we cannot take notice of letters testamentary, or of administration granted abroad, and that they give no authority to sue here. It is not only the law in England, but it has been very generally adopted in this country." To the same effect are the authorities in this State.—See *Cannon & Co.* vs. *Chapman*, 2 Bail., 436; *Collins, administrator*, vs. *Bankhead & Parker*, 1 Strob., 25; *Kirkpatrick* vs *Taylor*, 10 Rich., 393; *King* vs. *Clark*, 2 Hill Ch., 611. What may have been the consequence of a voluntary payment to Davis, the administrator in North Carolina, if the debts had been over due to the testator, in his lifetime, and the note in the hands of the said administrator, it is not necessary to consider. The note here is payable, however, to B. J. Cureton. It was never in the possession of Davis, and though on its face expressed to be in right of the payee as executor, it could not have descended to Davis, even if he had been duly appointed in this State the administrator *de bonis non* with the will annexed of the testator. Cureton, the payee, held the legal right and title, independent of his character as executor. At his death it would, by operation of law, pass not to the administrator *de bonis non* of the testator, but to his own executor or administrator, who alone could maintain an action for its recovery.—*Seabrook* vs. *Williams*, 3 McC., 371; *Smith* vs. *Carere*, 1 Rich. Eq., 123. It is true that a liability would attach

on such executor or administrator to account for its proceeds to the administrator *de bonis non* of the testator, W. J. Cureton, and a Court of equity, on behalf of his creditors and legatees, might pursue it if traced to the possession of one who received it with notice of the trust by which it was affected. That the maker of the note resided in North Carolina when it was executed, is of itself no bar to the right of action by the executor in South Carolina, if he finds him within the jurisdiction of its Courts. The debt was one to the executor here. It was a personal contract with him. If considered an asset held in his official relation, it was subject to the debts of the testator in the order and priority prescribed by the laws of this State, and Davis, who never held the note, could not by his acceptance of payment divert the proceeds from the appropriation to which they were so subject. As was said by Chancellor Kent in *Doolittle* vs. *Sims*, (7 John. Ch., 47,) "administration only extends to the assets of the intestate in the State in which it was granted; if it were otherwise, the assets might be drawn out of the State to the great inconvenience of the domestic creditors, and be distributed on very different terms, according to the laws of another jurisdiction."

The motion is dismissed.

*Wright*, A. J., and *Willard*, A. J., concurred.