## DIAL v. GARY AND TAPPAN.

1. Where it appears, under a liberal construction of the complaint, that
   two mortgages sought to be foreclosed were given, one by A and B on
   one lot of land, the other by B on another lot, to secure a note of A
   and B, a demurrer that two several causes of action were improperly
   united, was properly overruled.
2. A statement in the complaint that plaintiff "is induced to believe, and
   does believe," a matter stated, is an allegation of fact upon informa-
   tion and belief, and is sufficient.
3. Where the judge is not furnished with the papers necessary to enable
   him to formulate a proper judgment of foreclosure, it is not error for
   him, after decreeing that the plaintiff is entitled to the relief demanded,
   to give to plaintiff leave to move before the proper judge for such
   formal judgment as may be necessary to effectuate this purpose.
4. Findings of fact by the Circuit Judge from written testimony submit-
   ted to him, approved.
5. The mortgagor having died domiciled in another State, no assignee of
   his executor there could sue in the courts of this State; action on this
   note and these mortgages could be maintained only by the administra-
   tor in this State.

Before COTHRAN, J., Richland, July, 1884.

This was an appeal from an order overruling a demurrer at October term, 1881, and from a subsequent decree by the same judge on the merits, which, omitting its statement, was as follows :

The contention seems to be still as to the discrepancy or incongruity between the recitals of the two mortgages of October 9, 1873, and the evidences of indebtedness actually produced.   In the Circuit judgment overruling the demurrer, and not appearing in the abstract, as reported in the case, it is said : "But it is argued by the defendants' counsel that it does not appear but that 'the bonds" (recited in the mortgages) "have been paid, as they have not been produced, nor their loss accounted for.   It is enough to say in answer to this hypothetical objection that if such be the fact, it should be made out as a defence upon the merits of the case." (See brief of case reported in 20 *S. C.*, 167.)

The plaintiff's complaint is again very sharply criticised, and, as I have had cause to say already, not unjustly, but much allowance ought to be made for the circumstances of the case—the original transactions were between parties nearly related, uncle and nephews, the latter having been charged with the preparation of the papers, and are therefore the authors of the discrepancies of which they so loudly and persistently complain.   The ·plaintiff, upon the other hand, is at great disadvantage.   He became connected with this matter after the death of Asa Burke, by assignment from his administrator and widow in the State of Massachusetts, and from the very nature of the case cannot be very · positive in his averments.   He has stated his belief, and the defendants insist that such is not necessary or proper matter of denial on their part.   This seems to me so.   2 *Wait's Pr.*, 417.

Can the matter of one's belief be submitted as an issue to a jury ?   It appears that it cannot be.   But in his extremity the plaintiff is greatly relieved by two potential facts which appear in the case—the one furnished by the depositions of Philip Sowden, the foreign administrator, who was examined by commission.   He says, "There was a note of three thousand dollars, signed by one of them (the defendants), and might have been signed by both, *and*

574          DIAL *v.* GARY & TAPPAN.

*this note was secured by one or more of these mortgages.* There was a note of three thousand dollars signed by said Tappan and Gary, secured by a life insurance policy upon the life of Elbridge Gary. The last named note and policy are in my possession, *the others I sold to George L. Dial by assignment.*"

The other fact is that notwithstanding the indulgence given to the defendants to answer over; notwithstanding their abounding knowledge of this matter, they have not attempted, either by answer or by proof, to explain the discrepancy complained of, or to establish the pretence even that there are other outstanding evidences of indebtedness of their's secured by the said mortgages. Upon this point they are profoundly silent, relying upon such technical defences as that they are not bound to deny the plaintiff's allegations of belief, nor to make out his case for him. To these technical defences, fortified, as the plaintiff's belief is, by the circumstance of the case and the depositions of Sowden, I have no hesitation in applying the aphorism that he who is silent when he should speak, should not be allowed to speak when he ought to be silent; and sometimes, at least, and even here *taciti clamant.*

At this stage of the decree I have been greatly delayed and its earlier filing prevented by the lack of necessary papers to formulate a proper judgment in the case, and that notwithstanding repeated requests made to the plaintiff's counsel to furnish the same. I am still embarrassed for the want of these.

Wherefore it is ordered and adjudged, that the plaintiff herein have the relief demanded in this complaint, and that his counsel have leave to move before the judge of the Fifth Circuit, or the judge in turn presiding for the County of Richland, for such formal judgment as may be necessary to effectuate this purpose.

*Messrs. Clark & Muller*, for appellants.

*Messrs. R. A. Lynch*, and *Bachman & Youmans*, contra.

April 22, 1886. The opinion of the court was delivered by

MR. JUSTICE McIVER. The object of this action is to foreclose certain mortgages of real estate, alleged to have been given

by the defendants to the testator, Asa Burke, in his life-time. In the complaint it is alleged, substantially, as a first cause of action, that on October 9, 1873, the defendants made "their written obligation" to said Burke for three thousand dollars; that on the same day they executed their mortgage to said Burke on a certain lot on Gervais street, in the city of Columbia, which "purports on its face to be to secure the payment of a certain bond or obligation executed by the said . defendants to said Asa Burke October 9, 1873, in the penal sum of four thousand dollars, conditioned for the payment of two thousand dollars ;" that the defendant, Henry L. Tappan, at what date is not stated, executed his mortgage to said Asa Burke on a certain lot on Blanding street, in the city of Columbia, which "purports on its face to be to secure the payment of a certain bond or obligation executed by the defendant, Henry L. Tappan, to said Asa Burke, in the penal sum of two thousand dollars, conditioned for the payment of one thousand dollars," and after stating that the plaintiff has never had in his possession either of the bonds or obligations above referred to, alleges that he "is induced to believe, and does believe, that both the mortgages aforesaid were executed to secure the payment of the obligation mentioned in paragraph I. hereof," which we understand to be an ordinary note, and which will hereafter be referred to as such.

There is also a second cause of action set forth in the complaint, based upon a bond of defendant's to Asa Burke in the penal sum of eight thousand dollars, conditioned for the payment of four thousand dollars, bearing date December 1, 1874, secured by a mortgage on the Gervais street lot, bearing even date with said bond ; but as there seems to be no controversy in regard to the second cause of action, it need not further be alluded to.

The defendants filed a demurrer to the complaint upon several grounds, all of which have been disposed of except the following: "Second. That several causes of action have been improperly united, in this, that one cause of action against the defendants, Edwin F. Gary and Henry L. Tappan, being to foreclose a mortgage by them executed to the testator, Asa Burke, of a certain lot of land in the city of Columbia, has been improperly joined

with another cause of action against Henry L. Tappan alone to foreclose a mortgage by him executed to the testator, Asa Burke, of another lot of land in the city of Columbia." The Circuit Judge overruled the demurrer, holding substantially that, according to his construction of the complaint, the joint debt of the defendants represented by the note for three thousand dollars was secured by the joint mortgage of the defendants on the Gervais street lot for two thousand dollars, and the individual mortgage of the defendant, Tappan, on the Blanding street lot for one thousand dollars, the two together making up the precise sum of the note. He, however, granted leave to the defendants to answer over. The defendants duly excepted to the ruling by which the demurrer was overruled, and filed their answer.

The case subsequently came on for trial on the merits, when judgment was rendered that the plaintiff have the relief demanded in his complaint, and that he have leave to move "for such formal judgment as may be necessary to effectuate this purpose," before the judge of the Fifth Circuit, or the judge in turn presiding for the County of Richland. From this judgment defendants appeal upon the following grounds:

1. That his honor, the Circuit Judge, erred in holding that the defendants went to trial upon the merits before Judge Witherspoon, were cast, and appealing from this decree, took up, at the same time, for review by the Supreme Court, the judgment upon the demurrer.

2. That his honor, the Circuit Judge, erred in holding that "the original transactions were between parties nearly related, uncle and nephews, the latter having been charged with the preparation of the papers, and are, therefore, the authors of the discrepancies of which they so loudly and persistently complain. The plaintiff, upon the other hand, is at great disadvantage."

3. That his honor, the Circuit Judge, erred in ordering and adjudging "that the plaintiff herein have the relief demanded in his complaint; and that his counsel have leave to move before the judge of the Fifth Circuit, or the judge in turn presiding for the County of Richland, for such formal judgment as may be necessary to effectuate this purpose."

This appeal, therefore, presents two leading questions: First,

whether there was error in overruling the demurrer based upon the ground that several causes of action were improperly united. Second, whether there was error in the final judgment upon any of the grounds stated.

First, as to the demurrer.   While it is quite true that the complaint is very inartistically framed, yet we think by a liberal construction of its terms enough appears in it to relieve it from the objection taken by the demurrer.   To sustain the demurrer, it must appear upon the face of the complaint that the individual mortgage of Henry L. Tappan was in no way connected with the debt, the collection of which is sought to be enforced by the foreclosure of the two mortgages mentioned in the statement of the first cause of action.   This, we think, does not appear, and on the contrary there is enough in the complaint to show that these two mortgages, though purporting to be given to secure the two bonds mentioned in them, were really given to secure the payment of the note for three thousand dollars, described in the first paragraph of the complaint.   The allegation made in the sixth paragraph of the complaint, "That this plaintiff has never had in his possession either of the bonds or obligations referred to in this paragraph, but is induced to believe, and does believe, that both the mortgages aforesaid were executed to secure the payment of the obligation mentioned in paragraph 1 hereof," was, doubtless, intended as an allegation of the fact that said mortgages were really given to secure the note for three thousand dollars, made upon information and belief, the only way in which it could be made by an administrator; and if it can be so construed, as we think it can, it would be sufficient.

The statement that one "is induced to believe" a certain fact necessarily implies that he has received reliable information that such was the fact, for it would be difficult to conceive how otherwise he could be induced to believe such fact.   It is true that, speaking with the utmost strictness, an allegation of *belief* of a fact is not an allegation of the *existence* of such fact; and it is equally true that the ordinary allegation, frequently found in complaints, that the plaintiff is informed and believes that so and so is a fact is not, strictly speaking, an allegation of the existence of such fact, but simply an allegation that the plaintiff has been

37

informed and believes that such fact does exist, for it may be true that the plaintiff has been so informed and does so believe, and yet the fact itself may not be true. But to apply such strictness to a pleading under the code would violate its fundamental prin-ciples, for we are told in section 180 that "in the construction of a pleading for the purpose of determining its effect, its allega-tions shall be liberally construed, with a view of substantial jus-tice between the parties." We cannot say, therefore, that there was any error of law on the part of the Circuit Judge in over-ruling the demurrer.

Next as to the appeal from the final judgment. We are unable to see the pertinency of the first ground of appeal. For even assuming that the Circuit Judge was not entirely correct in using the language imputed to him by this exception, it is perfectly manifest that it does not affect any question raised by this appeal. His honor was simply reciting what had occurred in the previous history of the case, and the only thing in it which could be regarded as objectionable, and that only by implication, was the statement that the Supreme Court had, in another case (*Dial* v. *Tappan*), sustained the judgment overruling the demurrer, which we have just been considering. This the Circuit Judge, mani-festly, did not mean ; and, even if he had, it cannot affect this case, as is conclusively shown by the fact that the question raised by the demurrer which we are called upon to decide in this case was not, and could not have been, considered in the other case, and has now been considered and decided upon its merits, with-out reference to the former decision.

Whether the Circuit Judge was right or wrong in making the statement attributed to him by the second ground of appeal, seems to us so wholly immaterial to the questions raised by this appeal that we have not deemed it necessary to inquire into the correct-ness of such statement.

The only remaining ground is couched in such general terms, that, under the rule, it might well be disregarded. But, as we are always averse to deciding cases upon purely technical grounds, we propose to relax the rule in this instance. As well as we can judge from the argument presented in behalf of appellants, the object of this exception was to raise a question of fact—whether

the debt secured by the mortgages asked to be foreclosed was proved. There is no doubt that the note for three thousand dollars, as well as the execution of the two mortgages, were fully and properly proved; and if it was established that these mortgages, though purporting on their face to secure independent bonds, were really intended to secure the payment of the note for three thousand dollars, then the plaintiff's case was fully made out, and he was entitled to judgment of foreclosure. The intimation thrown out in the argument, that the Circuit Judge was himself in doubt as to the kind of judgment to which the plaintiff was entitled, is scarcely fair to that distinguished judge, in the face of his explanation, that it was owing to the failure of the plaintiff's counsel to furnish him with the papers necessary to enable him to formulate a proper judgment, and hence the necessity for him to render judgment in general terms. It is quite clear, as appellant has assumed, that the intention was to render judgment of foreclosure and sale under all of the mortgages, and that the only reason why such judgment was not rendered in a formal manner was the want of the necessary papers.

The only remaining question, then, is whether there was any error in the conclusion that the two mortgages were really intended to secure the payment of the three thousand dollar note. Under the view which we have taken of the allegations of the complaint, inasmuch as there was no denial in the answer of the defendants that such was the real intention, there was no necessity for further proof. But, waiving this, we think there was sufficient testimony to sustain the conclusion reached by the Circuit Judge. The papers all bear the same date, October 9, 1873, and the two mortgages make up the precise amount of the note, and this, with the testimony of Sowden, the administrator in Massachusetts, we think, was quite sufficient to warrant the conclusion adopted by the Circuit Judge, especially in the absence of any denial or explanation on the part of the defendants in their answer.

It is not asserted or pretended that the testator, in his lifetime, had assigned the bonds mentioned in these mortgages to any one, and if his administrator in Massachusetts has, since his death, assigned them to a third person, such assignee, as has already been determined in *Dial* v. *Gary* (14 *S. C.*, 573), could

not maintain an action on them here, but that such action could only be maintained by the administrator here, the plaintiff in this case; and, therefore, the judgment rendered in this case will be a complete protection to these defendants against any other suit on these bonds. We see no error in the judgment appealed from.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.