DUCHESSE D'AUXY *v.* PORTER *et al.*

*(Circuit Court, D. Connecticut. January 18, 1890.)*

1. FEDERAL COURTS—JURISDICTION—NON-RESIDENT PARTIES—PARTNERSHIP.
   Rev. St. U. S. § 737, giving the circuit court jurisdiction of suits between parties properly before it, when there are several defendants, some of whom are not inhabitants of, nor found within, the district, but providing that the judgment shall not prejudice the parties not served and not voluntarily appearing, does not require a court to entertain jurisdiction of a bill for an account against three partners, two of whom are non-residents, were not served, and do not appear. They are parties of such importance that complete justice cannot be done without their presence.

2. SAME—ACTION BY ADMINISTRATOR.
   A complaint by an administratrix, showing her appointment in another state, but averring none in the state in which the federal court in which suit is brought is sitting, is demurrable.

In Equity. Action for account.

*Alfred T. Ackert,* for plaintiff.

*H. C. & L. F. Robinson,* for defendants.

SHIPMAN, J. This is an action of account by the plaintiff, as administratrix of Robert Soutter, who was in his life-time a member of the firm of Soutter & Co., against his three surviving copartners, Porter, Fitzhugh, and W. K. Soutter, for an account of the copartnership transactions. The complaint alleges that the complainant is a citizen of the state of New York, and that the defendant Porter is a citizen of the state of Connecticut. The citizenship of the other two defendants is not averred, but it is admitted that they are citizens and residents of the state of New York. They were not served, and have not appeared. Porter was served, and has appeared. The complaint alleges that the complainant was, by an order of the surrogate of the county of New York, duly appointed, and now is, administratrix of the estate of Robert Soutter, with the will annexed, and that neither of the defendants has ever accounted to the estate in respect of the said copartnership. The defendant Porter has demurred to the complaint because it does not show that the requisite diverse citizenship existed, and because it does show upon its face that the complainant is a foreign administratrix, and has not received letters of administration from the proper courts of the state of Connecticut.

As it is admitted that Fitzhugh and William K. Soutter are, and were at the commencement of the action, citizens of the state of New York, the suit is one in which citizens of that state are the plaintiff and two of the defendants, and a citizen of Connecticut is the third defendant. The action being one of account against three surviving partners, the New York defendants are necessary, and not merely nominal, parties, and are adverse in interest to the plaintiff. If there was nothing more in the case, it would be plain that the court was without jurisdiction. *Peper* v. *Fordyce,* 119 U. S. 469, 7 Sup. Ct. Rep. 287; *Walden* v. *Skinner,* 101 U. S. 577; *Barney* v. *Baltimore City,* 6 Wall. 285. But it is claimed that the act of 1839 (now section 737 of the Revised Statutes)

enables the court to entertain jurisdiction. This act authorizes the circuit court to entertain jurisdiction, and proceed to the trial and adjudication of suits between parties who are properly before it, when there are several defendants, and one or more of them are neither inhabitants nor found within the district in which the suit is brought, and do not voluntarily appear; but it is provided that the judgment shall not conclude or prejudice the parties not served with process, and not voluntarily appearing. It is well settled that this section does not require a court to entertain or continue jurisdiction of a suit, especially in equity, where non-resident defendants are parties of such importance that complete justice cannot be done between the parties to the suit without their presence, and they have not voluntarily appeared. The action of account is in form an action at law, but, under the statutes of Connecticut, after the judgment that the parties do account has been rendered, is really an equitable suit. It is therefore not important whether this action is an action at law, or is, as it has been treated by the parties, a bill in equity. It has, furthermore, been held that the section "does not affect any case where persons having an interest are not joined because their citizenship is such that their joinder would defeat the jurisdiction." *Shields* v. *Barrow*, 17 How. 130; *Barney* v. *Baltimore City*, 6 Wall. 285; *Jones* v. *Andrews*, 10 Wall. 327; *Lovejoy* v. *Washburne*, 1 Biss. 416. This case comes within the principle which the supreme court has been careful to announce in the cited cases, because the accounting must necessarily involve the pecuniary partnership relations of the absent partners with the late firm of Soutter & Co., and with the complainant.

The second ground of demurrer is also well taken. It appears from the complaint that the plaintiff was appointed administratrix by the surrogate of the county of New York, and it is not averred that an appointment has been made by a court of probate in Connecticut. The decisions are to the effect that a foreign executor cannot sue in another country or another state by virtue of his foreign appointment, but must obtain new powers, and give new security, in the state where he brings suit, unless the statute of the latter state has otherwise provided. *Holcomb* v. *Phelps*, 16 Conn. 127; *Marcy* v. *Marcy*, 32 Conn. 308; *Noonan* v. *Bradley*, 9 Wall. 395. When the fact appears upon the face of the complaint that the plaintiff's authority was derived from the foreign appointment alone, the defect can be pointed out by demurrer. The demurrer is sustained.