## STODDARD v. AIKEN.

PLEADINGS—ANSWER—CAPACITY TO SUE—EXECUTORS.—A GENERAL DE-
NIAL puts in issue the right of an executor appointed in a foreign
jurisdiction to maintain an action in this State on a chose in action
belonging to his testator.

Before KLUGH, J., Barnwell, July, 1899.    Affirmed.

Action by John S. Stoddard, executor, and Ellen M. Har-
dee, executrix of John L. Hardee, against Abel Aiken and
the heirs at law of Liverpool Major.    The plaintiffs are ap-
pellants.

*Messrs. Bellinger, Townsend & O'Bannon,* for appellants,
cite: 41 S. C., 16, 397; 14 S. W. R., 479; 27 S. C., 155; 8

S. C., 110; 25 S. C., 314; 18 S. C., 585; 28 S. E. R., 312; 21 S. C., 623; 32 S. E. R., 1034.

*Messrs. Jas. E. Davis* and *T. S. Moorman,* for Aiken, contra, and *Messrs. Bates & Simms,* for other defendants, contra (oral arguments).

April 3, 1900. The opinion of the Court was delivered by

Mr. Justice Jones. The complaint in this case was to recover balance upon certain notes by the defendant, Abel Aiken, to John L. Hardee. The answer, among other defenses, denied "each and every allegation in the complaint." It appears in the complaint that John L. Hardee was a resident of Georgia, and the third paragraph of the complaint which relates to the contention before is as follows: "3. That said John L. Hardee died testate, on the 15th day of September, 1894, leaving in force and effect his last will and testament, by which these plaintiffs were appointed the executor and executrix thereof; and said will has been duly proved and admitted to probate in the office of the ordinary for Chatham County, in the State of Georgia, and letters testamentary issued and granted to these plaintiffs by said ordinary, and these plaintiffs have qualified and entered upon the discharge of their duties as such executor and executrix." The plaintiffs, contending that the general deniel by the defendants raised no issue as to this third paragraph of the complaint, offered no evidence to sustain it. The Circuit Court dismissed the complaint, ruling as follows upon the question made: "The plaintiff has offered no evidence to sustain the allegations of this third paragraph of his amended complaint; and there is admitted to be an entire lack of such evidence. The plaintiffs contend that no issue was presented by the pleadings as to these facts, which they argue pertain to the plaintiffs' right or capacity to sue, and not to the cause of action. I cannot sustain this contention. These facts are material to the plaintiffs' cause of action.

Unless the plaintiffs are the executor and executrix of John L. Hardee, as alleged, they have no cause of action. It was, therefore, necessary for them to prove the fact of their appointment. The cases cited by counsel for the plaintiffs do not go to the extent of holding that it is not necessary to show the fact of their appointment, when the allegation thereof is met by a general denial. They claim title to the chose in action by reason of their appointment. There is a distinction between their having capacity to sue, and their having a title to the chose in action by reason of their appointment. The question whether they are such executor and executrix, is a question of fact, and is a distinct question from whether as such executor and executrix they have the capacity to sue, which is a question of law. I must, therefore, dismiss the complaint in this action for the reason that the plaintiffs have failed to prove that they are the executor and executrix of said John L. Hardee, deceased."

To this appellants except as follows: "1. That his Honor, the presiding Judge, erred in holding that in an action by an executor and executrix on a contract made with their testator in his lifetime, it is necessary, in order to recover, for them to prove the fact that they are such executor and executrix, when the allegations are met by a general denial. Whereas, his Honor should have held that a general denial admits their right to sue in their representative capacity. 2. That his Honor, the presiding Judge, erred in holding that the allegations as to plaintiffs' appointment as executor and executrix were material to the plaintiffs' cause of action, in that they claim title to the chose in action by reason of their appointment. Whereas, his Honor should have held that said allegations were merely collateral to the cause of action, relating rather to the capacity of the plaintiffs to sue, inasmuch as the plaintiffs claim no personal right of action, but only a transmitted right coming to them as the representatives of their deceased testator."

This Court, in *Hankinson* v. *R. R.*, 41 S. C., 16, approved in *Mickle* v. *Construction Co.*, 41 S. C., 397, stated the gene-

ral rule on this subject as follows: "There can be no doubt, under the decisions in this State—*Commercial Ins. Co.* v. *Turner*, 8 S. C., 107; *Steamship Co.* v. *Rodgers*, 21 S. C., 27; *Palmetto Lumber Co.* v. *Risley*, 25 S. C., 309—that the issue of the capacity of plaintiff to sue cannot be raised by a general denial of all the allegations of the complaint, but must be raised either by demurrer, where the necessary facts appear on the face of the complaint, or by a special denial in the answer; and in the absence of any such demurrer or special denial, the allegations in the complaint as to the character in which plaintiff sues must be regarded as admitted." But we do not think the general rule above stated applies to this case. The plaintiffs are not suing as executors, and there is no allegation in the complaint that plaintiffs have been appointed as executors by any Court in this State. The complaint does allege the issuance to them of letters testamentary by the ordinary of Chatham County, Georgia. Even if this allegation must be held as not put in issue by the general denial, it relates to the plaintiffs' capacity to sue in the State of Georgia, and not to their capacity to sue in South Carolina. Letters testamentary granted in another State will not be sufficient to entitle the executor to the administration of the assets in this State, without proving the will and taking out fresh letters testamentary in this State. *Reynolds' Executors* v. *Torrance*, 2 Brevard, 59; *Dial* v. *Gary*, 14 S. C., 575. The complaint, then, in legal construction, was not by plaintiffs as executors, but by plaintiffs as individuals, resting their title to the note sued on, and their right to maintain the action, on the appointment of a foreign jurisdiction, having no effect in this State. Assuming to be true all the facts alleged in the complaint, the Circuit Court was bound to dismiss the complaint under the general denial for failure of proof that plaintiffs are executors of John L. Hardee *in this State*. The conclusion of the Circuit Court was right.

The judgment is, therefore, affirmed.