## HEYWARD v. WILLIAMS.

1. PLEADINGS.—THE COMPLAINT here sufficiently alleges that testator left a will, in which he appointed certain persons executors.

2. ORAL DEMURRER—EXECUTORS.—The objection that the assignee of a mortgage by a foreign executor cannot sue in this jurisdiction, may be made by oral demurrer to the complaint that it does not state facts sufficient to constitute a cause of action.

3. PRACTICE—AMENDMENT OF COMPLAINT.—Order overruling demurrer reversed, but plaintiff permitted to move Circuit Court for leave to amend his complaint.

Before KLUGH, J., Beaufort, May, 1899.   Reversed.

Action by A. H. Heyward against C. A. Williams and Amelia Williams, H. M. Comer & Co., Wulburn & Co., M. Hornick & Co., Phillips & Meyers, Lowenburg, Pincus & Co., and John K. Garnet. C. A. Williams and Amelia Williams are appellants.

*Mr. W. J. Verdier,* for appellants, cites: *As to what is cause of action:* 40 Ala., 148; 28 Barb., 330; 4 Bing., 704; 26 How. Pr., 507; 83 N. Y., 160; 102 Ill., 272. *Oral demurrer*

*proper pleading here:* 24 S. C., 39; 10 S. C., 101; 9 S. E. R., 802; 14 S. C., 573.

*Messrs. Trenholm, Rhett, Miller & Whaley* and *Thomas Talbird,* contra, cite: *The alleged defect is not failure to state a cause of action, but want of legal capacity:* 14 S. C., 583; Federal Cases No. 13682; 3 Crouch., 319; 18 S. C., 588; 32 N. Y., 43. *Want of legal capacity must be objected to by answer or demurrer, and, if not, waived:* Code, 165, 169; 3 Brev., 59; 2 N. & McC., 64; 4 McC., 344; 31 S. C., 164; 14 S. C., 583; 11 Mass., 256; 1 Pick., 81; 2 Met., 114; 51 S. C., 165. *Assignee of foreign executor can sue here:* 2 Pet., 239.

April 5, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action is brought to foreclose a mortgage on land in Beaufort County, in the State of South Carolina, executed by C. A. Williams, on the 15th day of November, 1886, to secure a promissory note of said C. A. Williams for $4,000, given at Hardeeville, S. C., unto Daniel H. Baldwin. Amelia Williams was also a mortgagee, and all the other defendants are made parties because they have or claim some interest or liens on said mortgaged lands. The plaintiff, in the second and third paragraphs of his complaint, sets out his interest and title to the note and mortgage herein, as follows: "II. That the defendants, C. A. Williams and Amelia S. Williams, on the 15th day of November, A. D. 1886, to secure the payment of said note, executed and delivered to Daniel H. Baldwin their deed, and thereby conveyed by way of mortgage, to Daniel H. Baldwin, his heirs and assigns, the following lands and tenements, situate in the county of Beaufort, in the State of South Carolina: All that tract of land or plantation commonly known as 'Beach Hill,' situate, lying and being on the waters of the Savannah Back River, in the said county and State, as the same was conveyed to William Mason Smith and John Julius Smith by James Porcher, as executor of

Jacob W. Guerard, by two deeds bearing date the 13th of January, 1847, and the 14th of March, 1849, respectively, measuring and containing 1,486 acres, more or less, according to a plat of said plantation, made in April, 1848, by R. Q. Pinckney, surveyor, and having such marks, lines and boundaries and dimensions as are set forth and delineated on said plat. * * * III. That on the 15th day of November, A. D. 1886, at 12 o'clock M., the said mortgage was delivered to the register of mesne conveyance of said county, to be by him entered on record, and was recorded. That Daniel H. Baldwin having departed this life, letters testamentary on the last will and testament of the said Daniel H. Baldwin were approved and issued by Daniel G. Rollins, surrogate of the county and State of New York, on the 29th day of June, 1887, to Kate A. Baldwin, as executrix, and George J. Baldwin, as executor, of the estate of Daniel H. Baldwin, who having acknowledged a payment of $1,000 of principal and interest to November 15th, 1894, as paid on the said note, by their deed, dated the 27th of May, 1895, assigned and set over for full value, the note made by defendant, C. A. Williams, and the mortgage securing the same, subject, however, to the payments indorsed on said note, unto A. H. Heyward, the plaintiff herein, his heirs and assigns, said assignment of the said mortgage being on the 13th day of June, 1895, delivered to the register of mesne conveyance for the said county, to be by him entered on record, and was recorded."

When the case was called by Judge Klugh, and after the reading of the complaint, the defendant demurred orally thereto upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and reduced the grounds of such demurrer to writing as follows: "I. Complaint did not state that Daniel H. Baldwin departed this life, leaving of force a last will and testament, nor did it state that he appointed an executor or executrix. II. The complaint did not state that the will of Daniel H. Baldwin was admitted to probate in this State. III. The complaint

does not state any facts showing Kate A. Baldwin, as executrix, or George J. Baldwin, as executor, qualified in this State. IV. The complaint fails to state any facts showing that Kate A. Baldwin, as executrix, or George J. Baldwin, as executor, had any right or power to assign the note and mortgage, as alleged in the complaint. V. The complaint does not state facts showing that the plaintiff is the owner of the said note and mortgage, or is entitled to recover thereon."

After argument, the presiding Judge passed the following order: "I think the complaint sufficiently states the fact that Daniel H. Baldwin departed this life, leaving a last will and testament, and that he appointed George J. Baldwin and Kate A. Baldwin his executor and executrix; and I also think that the complaint alleges that their title to the note and mortgage in suit was transferred to the plaintiff in this case. There are allegations in the complaint from which the Court has a right to presume that the residence of the defendant, C. A. Williams, is in the State of South Carolina, and, upon demurrer, to consider that fact as affirmatively appearing in the complaint; that being so, the executors of Daniel H. Baldwin have no legal capacity to sue in this State until they have proved his will and qualified in this jurisdiction, nor until such proof and qualification has their assignee any legal capacity. But this objection to the legal capacity of the plaintiff must be made by answer or special demurrer. It has not been so taken, and cannot be considered upon oral demurrer. It is, therefore, ordered and adjudged, that the demurrer be overruled."

Thereupon the defendants, Williams, appealed from such order as follows: "1. Because the Circuit Judge erred in deciding that the complaint sufficiently stated that Daniel H. Baldwin left a last will and testament, and that he appointed Kate A. Baldwin, executrix, and George J. Baldwin, executor. 2. Because the Circuit Judge erred in holding and deciding that the complaint stated facts showing title to the note and mortgage to be in the plaintiff. 3. Because the

Circuit Judge held and decided the demurrer as if it was made on the ground of want of legal capacity to sue; whereas, demurrer was on the ground 'that the complaint does not state facts sufficient to constitute a cause of action.' He should have decided on that ground, either that it did or did not.   4. Because the Circuit Judge did not decide that the complaint does not state facts sufficient to constitute a cause of action.   5. Because the Circuit Judge limited the objections made by demurrer to the complaint to a want of legal capacity in the plaintiff to sue, and did not hold the objection as going to the cause of action.   6. Because the Circuit Judge erred in overruling the demurrer."

It certainly appears by the complaint that Daniel H. Baldwin is dead; that his last will and testament was admitted to probate in surrogate court of the county of New York, State of New York, and that the execution of his will has been confided in the executors therein named.  As said by this Court in the very recent case of *Jerskowski et al.* v. *Marco et al.*, 56 S. C., 241, when in that case the Court was discussing some of the same kind of objections to the phraseology of the complaint, a quotation was made from the case of *Dial* v. *Tappan*, 20 S. C., 167, as follows: "In delivering the opinion of this Court, the late Chief Justice Simpson used this language, which it seems to us is quite pertinent to the present case: 'Taking up the alleged defects to the complaint in the inverse order in which they are presented, the first to be considered is the objection that there was no averment that the will of the testator had been admitted to probate.   The averment on this subject was that the plaintiff had been appointed administrator with the will annexed by the probate court of Richland County.   This, we think, includes the avernment of all that was necessary to warrant the probate judge to make this appointment; and no authority need be cited to the point that the probate judge could not have granted the letters prior to the probate of the will before him.   All that was necessary, to entitle the plaintiff to exercise and be clothed with the rights and powers of

administrator, was a legal appointment as such by the probate judge. Of course, the officer making the appointment had to be a probate judge, and the will had to be proved before him, and the appointment could not have been made without these prerequisites. But as is well said by Judge Cochran, the court of probate is a constitutional court of record, having jurisdiction especially as to the appointment of administrators; and when an appointment is alleged in the complaint and admitted in the demurrer, the maxim, '*omnia praesumuntus rite,* applies.'" Continuing, Chief Justice McIver remarks: "This applies equally as well to the grant of letters testamentary, which furnish the evidence of the right of a person to act as executor of a will; and when it is alleged, as in this case, that the plaintiffs have duly qualified as executors in the probate court, this includes an averment that all that was necessary to invest them with the rights and powers of executors had been done. This view may be supported, also, by an analogy drawn from a complaint in an action to recover possession of real estate, when the plaintiff simply alleges that he has title to the premises in dispute, it never was supposed to be necessary that the plaintiff should set out in his complaint how or where he derived his title. Of course, if his allegation of title is denied in the answer, then it would become necessary for him to show how and when he derived title. So here, where the plaintiffs have alleged in their complaint that they are the duly qualified executors of the will of the testator, as we think they have done substantially, no further allegations as to the manner in which they acquired their right to act as such executors are necessary. But if the defendants, by their answer, had denied that the plaintiffs are the duly qualified executors of the testator, then it would be necessary for the plaintiffs to prove how and when they had acquired the right to act as such executors." It seems to us that the Circuit Judge made no mistake, as complained of in the first ground of appeal, and this exception is overruled.

The second ground of appeal is more serious. This Court,

in *Dial* v. *Tappan,* 14 S. C., 580, held: "The right to sue for the recovery of property springs from title.    Without title, no right of action can exist under the authority referred to above.    (*Carmicheal* v. *Ray,* 1 Rich., 116; *Tilman* v. *Waldrop,* 7 S. C., 60; *Richardson* v. *Gowan,* 10 Rich., 109).    No title to such property could vest in a foreign administration.    Neither would a foreign administration have the power to sell or transfer such property and for the same reason—the want of title."    While it is true that the testator, at the time of his death, was domiciled in the State of New York, and during his life he could have transferred his title to the note and mortgage here in question, but when he died, this being personal property, had he left no will, title would have been in abeyance until an administrator was appointed, where title would relate back; but in case of testacy, such personal property would vest in the executors of his will, subject, however, to the power in the testator in his will to make a special legacy of said bond and mortgage to some other than the executors.    But when the executors nominated in the will of the testator, Daniel H. Baldwin, caused his will to be probated in the proper surrogate court in said State of New York, their title to their office was only coextensive with their State, New York, limits.    It is true that they could cause probate to be made of their testator's will in this Sate, but until that was done, they could not intermeddle with testator's property in this State.    If they desired to recover upon any choses of action of their testator against parties residing in this State, they would be obliged to be clothed with the rights of executors, under our State laws.    A long line of cases decided by our State Courts so hold.    The last case to this effect is the case of *John L. Stoddard, executor, and Ellen M. Hardee, executrix, of the will of John L. Hardee, deceased, plaintiffs, against Abel Aiken, Louisa Major and others,* 57 S. C., 134, citing *Reynolds, executor,* v. *Torrance,* 1 Brevard, 482; *Dial* v. *Gary,* 14 S. C., 575.    But it is also now the settled law of this State, that an assignment of a chose in action by an exe-

16—57

cutor clothed with his office by the will, and the probate thereof in the surrogate court of New York, will not carry title to such chose in action to an assignee, so that the assignee in his own right may, by his action in our Courts, recover from a defendant who resides in this State (South Carolina) what is due on the chose in action, without the executors, who so assign and transfer to the plaintiff, the chose in action owned by their testator while his domicile was in the State of New York, shall first make probate of testator's will in our Courts. *Dial* v. *Tappan,* 14 S. C., 575. This is admitted by the Circuit Judge to be the law, but he has decided that the defendants, Williams, can derive no benefit from such law because they did not file a special demurrer or answer to the complaint. Without prolonging the argument, we may say that it appears to us from the language of the complaint that it is liable to the demurrer interposed here, namely, a failure to state facts sufficient to constitute a cause of action. If the assignment, set up in the complaint, did not carry title, it seems to us that there is a defect in the complaint because of not stating facts sufficient to constitute a cause of action. The defendants were entitled to have the Circuit Judge pass distinctly upon the demurrer as they interposed it. These exceptions, 2, 3, 4, 5 and 6, are sustained.

The plaintiff asks this Court to sustain the Circuit Court judgment upon two grounds. One because the assignee of a foreign executor may sue in our Courts. We have just held that he could not, until the will was probated here and the executors assumed their office here.

The second ground seems to refer to some after-suit-effort to prove the will in South Carolina. No reference to such effort appears anywhere in the "Case," except in plaintiff's exceptions. This must be overruled. But we cannot help being impressed with the technicality—pure and simple—resorted to by the defendants who now appeal, to deprive the plaintiff of his rights; and while we will reverse the order passed by Judge Klugh, still we will

add to such judgment a right to the plaintiff to apply to the Circuit Court, after due notice, for an order to amend the complaint.

It is, therefore, the judgment of this Court, that the order of Judge Klugh overruling the defendant's demurrer be set aside and the demurrer sustained, but with the right to the plaintiff, after due notice, to apply for leave to amend his complaint to the Circuit Court.