## KLUG v. MARTINSBURG POWER CO.

### (District Court, N. D. West Virginia. February 9, 1916.)

COURTS ⬅➡311—JURISDICTION—RIGHT OF ACTION BY FOREIGN ADMINISTRATOR.

There being no statute in West Virginia authorizing foreign administrators to sue, an administrator appointed in Pennsylvania cannot sue a resident of West Virginia in a federal court sitting in West Virginia by reason of diverse citizenship, as, independent of statute, an administrator's powers do not extend beyond the limit of the state of his appointment, and his control over the estate of his decedent is limited to such property as is in the state of his appointment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. ⬅➡311.]

At Law. Action by Frank Klug, administrator of C. W. Tinnemeyer, deceased, against the Martinsburg Power Company. On plea in abatement. Plea sustained, and case dismissed.

Frank J. Schuck and S. A. Williams, both of Wheeling, W. Va., for plaintiff.

Martin & Seibert, of Martinsburg, W. Va., for defendant.

DAYTON, District Judge. Klug, a citizen and resident of Pennsylvania, has in that state qualified as administrator of Tinnemeyer, deceased, and as such administrator, under such qualification, has instituted this suit in this court for damages, alleging his decedent to have met his death by reason of defendant's negligence while in the employ of the Pittsburg Transformer Company, a Pennsylvania corporation, when the latter company sent him to do certain contract work upon defendant's plant in this state, and he was engaged in doing such work.

A plea in abatement has been filed, raising the single question whether in the federal court in this state such nonresident administrator can institute and maintain such action against a resident individual or corporation of this state by reason of adverse citizenship. I think it very clear that he cannot under the rulings made by the Supreme Court in Vaughan v. Northup, 15 Pet. 1, 10 L. Ed. 639, Aspden v. Nixon, 4 How. 467, 11 L. Ed. 1059, Stacy v. Thrasher, 6 How. 44, 12 L. Ed. 337, Hill v. Tucker, 13 How. 458, 467, 14 L. Ed. 223, Johnson v. Powers, 139 U. S. 156, 11 Sup. Ct. 525, 35 L. Ed. 112, Lawrence v. Nelson, 143 U. S. 215, 222, 12 Sup. Ct. 440, 36 L. Ed. 130, Reynolds v. Stockton, 140 U. S. 254, 272, 11 Sup. Ct. 773, 35 L. Ed. 464, Overby v. Gordon, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741, Brown v. Fletcher, 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966, and Ingersoll v. Coram, 211 U. S. 335, 362, 29 Sup. Ct. 92, 53 L. Ed. 208, et seq., which establish the rule at common law, independent of a state statute, to be that the powers of an administrator do not extend beyond the limit of the state of his appointment. His control over the estate of his decedent is limited to such property as is in the state of his appointment, and no judgment against an administrator in one state is binding upon an ancillary administrator and the assets in

his hands of the same decedent in another state. It is true that some of the states by statute have authorized foreign administrators to sue in their courts. West Virginia has no such statute and adheres strictly to the common-law rule as held by Crumlish's Adm'r v. Shenandoah Valley Ry. Co., 40 W. Va. 627, 650, 22 S. E. 90, and Oney v. Ferguson, 41 W. Va. 568, 23 S. E. 710. The same is true in Virginia. Fugate v. Moore, 86 Va. 1045, 11 S. E. 1063, 19 Am. St. Rep. 926.

It follows, therefore, that this plea must be sustained, and the case be dismissed without prejudice to any suit brought by a qualified representative in this state appointed, or who may be appointed, to administer the estate of Tinnemeyer.