### HEATH v. SMYTHER.
### No. 3885.

District Court, E. D. South Carolina.
July 23, 1937.

Joe P. Lane, of Dillon, S. C., for plaintiff.

McEachin & Townsend and G. Badger Baker, all of Florence, S. C., for defendant.

MYERS, District Judge.

The plaintiff bases her action on the willful, reckless, and negligent acts on the part of the defendant alleged in the complaint to have resulted in the death of intestate from peritonitis, in the city of Florence, S. C., on or about April 30, 1935.

Plaintiff alleges that she was appointed administratrix of the estate of deceased by the clerk of the superior court of Union county, North Carolina, her place of residence, and that suit is brought in pursuance of the statute of South Carolina; she being the beneficiary named in said statute. The necessary jurisdictional allegations are set out in the complaint.

The defendant interposed a demurrer to the complaint on the ground that plaintiff has no legal capacity to maintain the suit in this district, and that no letters of administration have been applied for or obtained from any South Carolina authority.

Section 412, Code of Laws of South Carolina 1932, provides that such action shall be brought by the executor or administrator of the deceased person, and shall be for the benefit of the mother in this case, deceased having been unmarried and the father having predeceased him.

■ It seems to be well settled in South Carolina, and elsewhere, that a foreign administrator cannot support a suit in another state, in either a state or federal court, unless by force of some law of the forum. There is no South Carolina statute extending the right.

In Dial v. Gary, 14 S.C. 573, 37 Am. Rep. 737, the court says: "It has been held in several cases in this state that a foreign administrator has no legal capacity to sue here. He cannot sue, because his appointment stops at the boundary of the state which appointed him, and because the title of the decedent's property, found here, under our laws, can only vest in an administrator appointed here. Carmichael v. Ray, supra [1 Rich. 116]; Tillman v. Walkup, 7 S.C. 60; Richardson v. Gower, 10 Rich. 109."

■ The facts apparent from the discussion of the case in the Dial opinion, as in Merchants' National Bank et al. v. Tax Commission, 133 S.C. 406, 131 S.E. 142, that movable assets of the respective estates were involved, does not affect the principle announced; as restated in Stoddard v. Aiken, 57 S.C. 134, 35 S.E. 501, 502, and reaffirmed in Beidler et al. v. Tax Commission, 162 S.C. 447, 462, 160 S.E. 264: "Letters testamentary granted in another state will not be sufficient to entitle the executor to the administration of the assets in this state, without proving the will and taking out fresh letters testamentary in this state. Reynold's Executors v. Torrance, 2 Brev. 59; Dial v. Gary, 14 S.C. [573] 575 [37 Am.Rep. 737]."

So in Duchesse D'Auxy v. Porter et al. (C.C.) 41 F. 68, 69: "When the fact appears upon the face of the complaint that the plaintiff's authority was derived from the foreign appointment alone, the defect can be pointed out by demurrer. The demurrer is sustained."

Judge Waddill's Fourth Circuit opinion in Hodges et al. v. Kimball et al. (C.C.A.) 91 F. 845, is cited as authority for the right to procure ancillary administration and thereby to maintain the suit. No such situation is presented here as was then considered. Nor am I inclined to permit the amendment and thereby raise other jurisdictional objections. The plaintiff may procure ancillary administration and proceed again, there being no statutory bar, in such forum as she may elect where jurisdiction may be maintained. In line with the cases quoted, the opinion in Hodges v. Kimball, supra, postulates: "The fact that an administrator, in the absence of a statute, cannot maintain a suit in the courts of a state, other than the one in which he qualified, when the disability is properly and seasonably pleaded, is too well settled to admit of serious controversy." 91 F. 845, at page 846.

In Klug v. Martinsburg Power Co. (D.C.) 229 F. 861, it is held that an administrator appointed in Pennsylvania could not maintain an action in the federal jurisdiction in West Virginia in the absence of a statute of the latter state so authorizing.

See Hughes Federal Practice, Vol. 2, p. 753, to the same effect. Also Edward F. Lawrence, Administrator, v. William H. Nelson, 143 U.S. 215, 12 S.Ct. 440, 36 L. Ed. 130, 131.

■ See Ghilain v. Couture, 84 N.H. 48, 146 A. 395, 65 A.L.R. 563, and cases there cited, on the question of extraterritorial authority of administrator. Also, 65 A.L.R. page 571, citing Hall v. Southern Ry. Co., 146 N.C. 345, 59 S.E. 879, with which this court agrees, as to suggestion here made, that plaintiff may maintain action in her administrative capacity on the ground that she is in fact as such administratrix the trustee of an express trust. The right of action is purely statutory; is brought under the statutory power conferred upon administrators (or executors) alone. Nor does the allegation that plaintiff is also the sole beneficiary under the statute affect the applicable limitation of authority to maintain the suit.

I am of the opinion that plaintiff has not the right to maintain the action as administratrix under appointment by the North Carolina courts, and that the demurrer should be sustained on that ground.

It is so ordered.