## COBURN v. COLEMAN.
### Civ. A. No. 818.

District Court, W. D. South Carolina, Spartanburg Division.
Dec. 17, 1947.

Curran E. Cooley, of Anderson, S. C., and Victor F. Schmidt, of Rossmoyne, Ohio, for plaintiff.

P. D. Barron, of Union, S. C., and Sam R. Watt, of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

In this case the plaintiff, as administratrix of the estate of Cecil B. Coburn, deceased, brings an action in this court under sections 411 and 412, Code of Laws of

South Carolina 1942,[1] for damages for the wrongful death of her intestate, in which she alleges that she is a citizen of the State of Indiana, and was duly appointed as such administratrix by the Circuit Court of Steuben County, Indiana, and is still acting in that capacity; that she, being the surviving widow of the said Cecil B. Coburn, deceased, brings this action in the capacity of said administratrix in behalf of herself personally and her and decedent's two minor sons Cecil Coburn, Jr., and Joseph Edward Coburn; that the defendant is a citizen of the State of South Carolina and within the jurisdiction of this court; that the matter in controversy exceeds the sum of $3,000.00, exclusive of interest and costs.

The defendant has filed no answer, but moves to dismiss upon the following grounds: 1. That it affirmatively appears upon the face of the complaint that the administratrix in this action does not have legal capacity to maintain this action in that such administratrix was appointed by a court in Indiana. 2. That it appearing affirmatively upon the face of the complaint that plaintiff is a foreign administratrix and there being no law or statute in South Carolina extending to an administratrix appointed by a foreign state the right to maintain an action of this character in South Carolina, plaintiff as such foreign administratrix has no power or authority to maintain this action and no standing in this court.

▮▮ The jurisdiction of this court is not questioned in this motion, nor can it be successfully questioned, because federal jurisdiction, when it is based upon diversity of citizenship, depends upon the citizenship of the parties to the record and not of those whom they may represent; in an action by an administrator, the administrator's personal citizenship controls, not that of the decedent, or the next of kin, and it is not material in what state the administrator's appointment is made. Continental Ins. Co. v. Rhoads, 1886, 119 U.S. 237, 7 S.Ct. 193, 30 L.Ed. 380. An administrator suing for damages for wrongful death is not a mere nominal party, but the real party whose citizenship and not that of the beneficiaries, controls the question of federal jurisdiction. Harper v. Norfolk & W. R. Co., C. C.Va., 1887, 36 F. 102.

▮ The question made by the motion here is the lack of capacity of the administratrix in this case to maintain this action in the United States District Court for the Western District of South Carolina when such administratrix was not appointed by a South Carolina Court.

Rule 9(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "(a) Capacity. * * * When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative

---

[1] "§ 411. Civil action for wrongful acts causing death.—Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony.

"§ 412. Beneficiaries of action for wrongful death—damages recoverable—distribution.—Every such action shall be for the benefit of the wife or husband and child, or children, of the person whose death shall have been so caused; and if there be no such wife, or husband, or child, or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been caused and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice, as they may think proportioned to the injury resulting from such death to the parties respectively, for whom and for whose benefit such action shall be brought. And the amount so recovered shall be divided among the before mentioned parties, in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."

capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

The defense or objection of lack of capacity to sue must be raised by motion prior to answer, or in the answer itself, otherwise the defendant is held to have waived the objection. Trounstine v. Bauer, Pogue & Co., Inc., 2 Cir. 1944, 144 F.2d 379; Kucharski v. Pope & Talbot, D.C., 4 F.R.D. 208, at page 209; Rule 12(h), Rules of Civil Procedure.

The grounds upon which the defendant asserts the lack of capacity on the part of the plaintiff to sue in this court appears affirmatively upon the face of the complaint. Therefore, it is not necessary for the defendant to raise the issue as to the authority of the administratrix to sue in her representative capacity by specific negative averment. It is not necessary to raise this issue by answer; it may be made by motion to dismiss. See Rule 7(b), Rules of Civil Procedure.

At the outset I am confronted with Rule 17(b), Rules of Civil Procedure, as amended, which is as follows: "(b) Capacity to Sue or Be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. *In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; * * *.*" (Emphasis added.)

I must therefore be guided by the South Carolina law in deciding this matter.

It will be noted in the State Statute (section 412) that actions under this statute "shall be brought by or in the name of the executor or administrator of such person". See, In re Mayo's Estate, 60 S.C. 401, 38 S. E. 634, 54 L.R.A. 660.

Under the common law, powers of an administrator do not extend beyond the limits of the state of his appointment. The common law prevails in South Carolina, unless changed by statute. I can find no statute, and none has been called to my attention, that gives a foreign administrator the power to sue in the courts of South Carolina.

Furthermore, it is well settled in South Carolina that an administrator appointed in another state has no legal capacity to sue as such in this state. Richardson v. Gower, 10 Rich. 109; Kirkpatrick v. Taylor, 10 Rich. 393; Patterson v. Pagan, 18 S.C. 584; Dial v. Tappan, 20 S.C. 167; Dial v. Gary & Tappan, 24 S.C. 572; Tyer v. Charleston Rice Milling Co., 32 S. C. 598, 10 S.E. 1067; Stevenson v. Dunlap, 11 S.E. 1017, 33 S.C. 350; Heyward v. Williams, 57 S.C. 235, 35 S.E. 503; Martin v. Fowler, 51 S.C. 164, 28 S.E. 312; In re Mayo's Estate, 60 S.C. 401, 415, 38 S.E. 634, 54 L.R.A. 660; Dial v. Gary, 14 S.C. 573, 37 Am.Rep. 737; Carmichael v. Ray, 1 Rich. 116; Tillman v. Walkup, 7 S.C. 60; Merchants' National Bank v. Tax Commission, 133 S.C. 406, 131 S.E. 142; Stoddard v. Aiken, 57 S.C. 134, 35 S.E. 501; Beidler v. Tax Commission, 162 S.C. 447, 160 S.E. 264; Reynold's Executors v. Torrance, 2 Brev. 59.

As the South Carolina Supreme Court pointed out in Re Mayo's Estate, 60 S.C. 401, 38 S.E. 634, 638, 54 L.R.A. 660: "And, in case administration could be obtained in Florida, the appointment there would not authorize a suit by the administrator in this state in the absence of a statute of this state permitting it, and there is none."

Under the foregoing South Carolina decisions it clearly appears that the administratrix in this case, having been appointed by a court in Indiana, has no legal capacity to sue in the courts of South Carolina. Therefore, such administratrix has no legal capacity to bring this action in the United States District Court for the Western District of South Carolina. Rybolt v. Jarrett, 4 Cir., 122 F.2d 642; Hodges v. Kimball, 4 Cir., 91 F. 845; Heath v. Smyther, D.C.S.C., 19 F.Supp. 1020.

For the foregoing reasons the motion to dismiss should be granted, and it is so ordered.