[Askew v. Sanders.]

# Askew v. Sanders.

*Bill in Equity to set aside Sale under Mortgage, and for Account and Redemption.*

1. *Purchase by mortgagee at sale under power; limitation of bill to set aside.*—A bill to set aside a sale under the power in a mortgage, because the mortgagee himself became the purchaser, filed nearly ten years after the sale, comes too late; but, if it is also alleged and proved that the mortgage debt was in fact paid before the sale, a bill to set aside the sale on that ground, and for an account, is not barred until after the lapse of ten years.

APPEAL from Chancery Court of Marengo.
Heard before Hon. THOMAS COBBS.

R. H. CLARKE, and TAYLOE & JOHNSTON, for appellant.

BROOKS & BUSH, *contra.*

[No briefs came to the hands of the Reporter.]

CLOPTON, J.—By the bill as amended, complainant's case is presented in two aspects—one in which complainant seeks to be let in to redeem, on the ground that the surviving mortgagee purchased at his own sale; and the other in which he seeks to have the sale vacated on the allegations, that the essential requisites to the power of sale were not complied with; that the debt secured by the mortgage had been paid; and nothing was due at the time of the sale. On the former appeal the equity of the bill in the first aspect was considered, when it was said: "If the mortgage sale under the power was in all things regular, save the one pointed out, it must be declared that it has become valid and binding by the lapse of time." The irregularity pointed out was that the mortgagee was the purchaser. The evidence satisfactorily shows that notice of the time, place and terms of sale was given by posting the same in two or more public places as required by the mortgage. This being true, the original bill, which was filed nine years and ten months after the sale, no satisfactory explanation of the delay being shown, comes

too late as a bill to redeem, and to avoid the sale on the mere ground, that the mortgagee purchased at his own sale. *Sanders v. Askew*, 79 Ala. 433.

A different rule of limitation applies if the debt, secured by the mortgage under which the land was sold, had been fully paid before the sale. The payment of a mortgage on real estate, did not operate to reinvest the legal title in the mortgagor, prior to the passage of the act of November 28, 1884, which constitutes section 1870 of the Code of 1886. The doctrine which prevailed in this State was that after the payment of the debt secured by such mortgage, the legal title remained in the mortgagee, without an equitable interest, which he held in trust for the mortgagor, who was entitled to a re-conveyance. The power of sale is regarded as a part of the security, which the mortgagee can exercise only for the purpose of paying the debt. The payment of the debt terminates the relation of the parties as mere mortgagor and mortgagee, and removes the encumbrance of the mortgage *as such*, and the contingency for the exercise of the power cannot thereafter arise. Payment extinguishes the power, and the mortgage becomes the same as if no such power had been included in it. If the mortgagee sells the property after the debt has been satisfied, he thereby offends the equitable rights of the mortgagor, which a court of equity will intervene to protect, by its injunctive power if invoked before the sale, or by vacating it if already made. The mortgagor, not having the legal title, had no adequate remedy at law. It may be that if he fails to institute proceedings to enjoin the sale, he would be afterwards estopped from asserting payment to defeat the title of a *bona fide* purchaser without notice. But when the mortgagee himself is the purchaser, the court will vacate the sale as against him, and all claiming under him with notice of the state of the accounts betweeen the mortgagor and mortgagee. *Cameron v. Irwin*, 5 Hill 272; *Redmond v. Packenham*, 66 Ill. 434. The limitation, which bars the right to relief in such case, is the same within which an action for the recovery of lands may be bought,—ten years—which limitation was not complete when the bill was filed.

As requisite notice of the sale was given, and as complainant is not entitled to avoid the sale on the ground, that the mortgagee was the purchaser, but is entitled to relief only on satisfactory proof of the averments of the bill, that the debt secured by the mortgage had been paid and nothing

was due at the time the power was exercised, a decree setting aside and vacating the sale without the preliminary ascertainment of payment, is premature.    The chancellor decreed that the mortgage sale be set aside and vacated, that the purchaser be declared a mortgagee in possession; and ordered a reference to the register to ascertain and report the state of the accounts between the mortgagor and mortgagees, charging the purchasers with the rents and waste of timber.

As we interpret the decree, relief was granted the complainant as on a bill to be let in to redeem.    It is evident from the reference to the register, as to the manner in which, and the time at which, the state of accounts should be ascertained, that the chancellor did not pass on the question of payment *vel non*.    If there was nothing due on the mortgage debt when the power of sale was exercised, the purchaser cannot be regarded a mortgagee in possession, but a party in possession having the naked legal title, which he holds in trust for the mortgagor, and accountable as such for the rents and profits and waste.    In this re-aspect of the case, an inquiry as to the amount due on the second mortgage is immaterial, unless the sale under the first mortgage is set aside..    In such event, the bill may be further entertained as a bill to redeem from the second mortgagee, under which no sale has been made, and the court may proceed to settle the entire litigation and do complete justice between the parties. But if the debt secured by the first mortgage was not paid before the sale, the litigation must terminate upon the ascertainment of that fact.    We have examined the evidence with the view of determining, whether we could reach a satisfactory conclusion on the decisive question of payment, so as to enable us to render a decree; but find it so indefinite and uncertain, that we deem it best to remand the cause, that a reference may be made to the register for this distinctive purpose, before whom the evidence may be made more certain and satisfactory.

We have not passed on the question of parties; but that the litigation may not be further embarrassed or unnecessarily delayed, will simply observe, that if no conveyance was made to the purchaser at the mortgage sale, the legal title still resides in the surviving mortgagee and the heirs of the deceased mortgagee, M. G. Askew, and they are necessary parties, in order that the entire legal title may be before the court.

Reversed and remanded.