[Liddell & Co. v. Carson *et al.*]

# Liddell & Co. *v.* Carson *et al.*

*Bill in Equity to have Sale under Power contained in a Mortgage set aside.*

1. *Mortgage; right of mortgagor to have sale under power set aside when made after payment of mortgage debt.*—If·a mortgagee, after payment of the mortgage debt, sells the property conveyed therein under the power of sale, the mortgagor can maintain a bill in chancery to have such sale set aside and the conveyances made by the mortgagee cancelled as a cloud · upon his title; and the equity of such a bill is not destroyed or affected by the complainant therein praying in the alternative, in the event it is ascertained on reference that the whole of the mortgage debt has not been paid in full, that he be allowed to redeem by paying the balance found due, which he declares his willingness and readiness to do.

2. *Same; same; statute of limitations of ten years necessary to bar right to file bill.*—The limitation which bars the right of a mortgagor to have a sale under the power contained in the mortgage set aside in a court of equity, because the mortgage debt had been paid before such sale, is ten years, and not two as in the case of redemption.

3. *Equity pleading; averment of possession in bill to remove cloud from title.*—An allegation in a bill to remove a cloud from title that, since their purchase of the lands in controversy, complainants "have resided on the same, and are now in possession thereof," is a sufficient averment of possession to meet the requirements of equity pleading.

4. *Same; parties to bill to set aside sale under power contained in a mortgage.*—One who purchased a part of the mortgaged lands with the mortgagee's consent and to whom a deed was made by direction of the mortgagee, is not a necessary party to a bill filed by the mortgagor to set aside a sale of the remaining portion of the lands subsequently made under the power contained in the mortgage, on the ground that the debt had been paid before the sale by the mortgagee.

5. *Same; averment of bona fide purchaser in a bill to set aside sale under power contained in mortgage.*—In a bill by a mortgagor to set aside a sale of the mortgaged premises under the power,

on the ground that the mortgage debt had been theretofore paid, it is not necessary to aver that a subsequent purchaser of the premises, who still holds them, was not a *bona fide* purchaser; since his being such a purchaser is a matter of defense to be set up and proved by him.

6. *Same; averment of age of complainant.*—While it is the better practice to aver the age of the complainant in a bill in equity, yet the failure to do so does not render the bill demurrable, unless the infancy of the complainant appears on the face of the bill.

7. *Same; averment of complainant's residence.*—It is necessary in a bill in equity to aver the place of complainant's residence; and a failure to do so renders the bill demurrable.

APPEAL from the Chancery Court of Wilcox. Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed on January 26, 1897, by Samuel Carson, Winter Carson, John McMillan, Ed Press, Josiah Squire and William Aiken, against Sam Jones and J. R. Liddell & Co., a partnership composed of John R. Liddell and William Henderson.

It was averred in the bill that on the 28th November, 1882, the complainants named in the original bill purchased the lands described in section two thereof from James Bond for the sum of $3,594.50; that they executed to him their five promissory notes for $718.50 each, the first falling due on the 1st November, 1883, and the others, respectively, falling due the 1st of November each year, thereafter, the last maturing the 1st of November, 1887; that said Bond executed to them his conveyance to the lands, and they, in turn, executed to him their mortgage on the same, and on all the crops to be grown thereon in the years 1883 to 1887, both inclusive, to secure the payment of said notes, and the said mortgage was filed for record in the probate office of Wilcox County where the lands were situate, on the 9th of December, 1882, and was duly recorded therein. Complainants, with the exception of Josiah Squire, applied to J. R. Liddell & Co. to furnish them each with advances with which to make their respective crops, and informed them of the mortgage they had given on their lands and crops to secure the purchase money notes, and said Liddell & Co. agreed with them, that if complainants would

ship their cotton each year to them, to the account of J. R. Liddell & Co., they would sell the same and apply the proceeds to the payment of said notes, and after said notes had been paid the proceeds arising from the cotton delivered, should be applied by them to the payment of advances made by them to complainants, respectively.

The number of bales that each of the complainants shipped in these years to or for Liddell & Co. is stated in the bill. It is also averred that Josiah Squire, one of complainants, prior to the year 1888, paid his *pro rata* share of the purchase money for said lands to said Liddell & Co., and, since that time, has owed them nothing; that the cotton so shipped to them was for the express purpose of paying said mortgage debt; that the cotton so shipped was worth $50 a bale, and of value more than sufficient to pay off said mortgage debt, and that it was fully paid out of the proceeds of said cotton, and that each of the said notes was promptly paid before the maturity of the same. The aggregate number of bales shipped on account of said defendants in the years named, is stated at 322.

It is further averred that on the 20th November, 1889, Emma Bond, as the executrix of the will of James Bond, deceased, transferred and assigned said notes and mortgage to said Liddell & Co. The bill further avers that on the 18th February, 1893, Robin Dennis purchased from complainants with the consent of Liddell & Co., about eighty-four and a half acres of the land included in said mortgage—which land so purchased is fully described— at the price of $300, which was paid by him to complainants and by them to Liddell & Co., to be applied by them towards the payment of said mortgage, if anything remained due thereon, and Liddell & Co. had complainants to execute a deed to him, the said Dennis, therefor.

It was further averred in the bill that on February 25, 1895, J. R. Liddell & Co., after having advertised the lands for sale, sold them under the power contained in the mortgage; that at said sale one F. S. Savage became the purchaser of said lands for the sum of $3,150; that J. R. Liddell & Co. executed a deed to said lands to F. S. Savage, and shortly thereafter the said Savage executed

a deed to J. R. Liddell & Co., reconveying unto them the identical lands which had been conveyed to him; that said F. S. Savage bought said lands as the agent of Liddell & Co., and there was no real consideration paid for either of the transfers.

It was then averred that on January 14, 1896, J. R. Liddell & Co. executed to one Sam Jones a deed, conveying to him 450 acres of the lands which were conveyed in the mortgage and sold at the mortgage sale.

In the 15th paragraph of the bill, it was averred as follows: "That since said purchase by your orators of said plantation from James Bond, they have resided on the same and are now in possession thereof, which said plantation is particularly described" in the deed from James Bond and wife to the complainants, attached as an exhibit to the bill.

The prayer of the bill was that an account be taken to ascertain if anything was due on said mortgage, and if not that the mortgage executed by the complainants to James Bond, and the deeds executed by J. R. Liddell & Co. to F. S. Savage and Sam Jones, and the deed from F. S. Savage to J. R. Liddell & Co. be cancelled and annulled as being a cloud upon the complainant's title; and that if anything should be found by the court to be due on said mortgage, that the said mortgage sale be set aside and appellees be allowed to redeem the lands sold under the mortgage, upon the payment of the amount due thereon, which amount the complainants alleged they were ready to pay as the court may direct.

To the bill as originally filed, the defendants demurred, which demurrers were sustained, and the complainants were allowed to amend the bill on September 7, 1897. By this amendment the complainants struck out William Aiken as a party complainant and made Nick Rivers a party complainant, but did not give his age or residence. It was also averred in the amendment that said William Aiken, one of the mortgagors, on January 30, 1890, sold and conveyed to said Nick Rivers all of his interest in the lands conveyed in said mortgage, in consideration of said Nick Rivers assuming to pay William Aiken's liability on the purchase money notes,

which were secured by said mortgage. By amendment, it was also averred in the bill that the 84½ acres of land included in said mortgage, which were sold to Robin Dennis, were not included in the lands sold under the mortgage, and the bill was further amended so as to aver that the complainants were not in possession of said 84½ acres sold to said Dennis.

To the bill as amended, the defendants separately demurred upon the following grounds: 1. The bill as amended makes Nick Rivers a party complainant; and it is shown by said amendment that his right to be made party complainant and to be allowed to file a bill to redeem was barred by the statute of limitations of two years, when the amendment was allowed making him such party complainant. 2. The bill as amended shows that complainants were barred by the lapse of time. 3. Because the bill as amended fails to aver the age of Nick Rivers, the party complainant. 4. Because the bill as amended fails to aver the place of residence of Nick Rivers. 5. Because the bill of complaint, as amended on September 17, 1897, shows on its face that all the complainants to the original bill were not entitled to maintain the suit, and the amended bill is, therefore barred by the lapse of more than two years from Feby. 25, 1895 —the day of the sale under the mortgage. 6. Because under the allegations of the bill as amended, Robin Dennis is a necessary party complainant. 7. Because the bill as amended fails to aver that Sam Jones was a *bona fide* purchaser without notice of the lands conveyed to him. 8. Because the complainants by their bill as amended, seek to redeem the 84½ acres of land, which they aver were sold and conveyed to Robin Dennis in the year 1893, and which lands were not sold under the mortgage. 9. Because the bill as amended fails to aver that the complainants have rightful or lawful possession of all of the land described in the conveyance from James Bond and wife to the original complainants.

On the submission of the cause upon the demurrers, the chancellor rendered a decree overruling them. From this decree the defendants appeal, and assign the rendition thereof as error.

MILLER & BONNER, for appellants.—The bill was filed 26th January, 1897. It avers the mortgage was foreclosed and land sold 25th February, 1895. Samuel Carson, Winter Carson, John McMillan, Ed Press, Josiah Squire and William Aiken, who were the mortgagors, were the complainants. On the 7th of September, 1897, two years, six months and twelve days after the sale under the mortgage, the bill of complaint was amended by striking out said William Aiken as party complainant and by making Nick Rivers, who purchased his interest on 30th January, 1890, a party complainant. Amendments to bills are considered as introduced into the bill from the time of their allowance. Chancery Rule 43. Amendments do not relate back to the filing of the bill, but take effect only from date of allowance; and if amendment brings in new party complainant, whose right or claim is barred, the defendants may take advantage of it by plea or demurrer.—*Wilson v. Holt,* 91 Ala. 204; *Barker v. A. O. & O. St. R. Co.,* 92 Ala. 314; *Stringer v. Waters,* 63 Ala. 361; *Scibs v. Engelhardt,* 78 Ala. 508; *King v. Avery,* 37 Ala. 169.

"The rule is well settled in equity, that all parties who join in a suit must be entitled to recover, or none can. The failure of one is the failure of all."—*Taylor v. Robinson,* 69 Ala. 269; *James v. James,* 55 Ala. 525; *Hutton v. Williams,* 60 Ala. 107. Nick Rivers, one of the parties complainant, who is purchaser of William Aiken, one of the original mortgagors, was not made party complainant until two years, six months and twelve days after sale of land on 25th February, 1895. He is clearly barred and the decree of chancellor should have sustained demurrers in regard to his being improper party.—*Ezzell v. Watson,* 83 Ala. 120; *Ponder v. Cheeves,* 90 Ala. 120.

The demurrers raising the objection that the bill as amended failed to state the age and place of residence of one of the complainants, should have been sustained. The bill as amended in one aspect seeks to have mortgage to James Bond, which was transferred to J. R. Liddell & Co. and which was foreclosed on 25th February, 1895, and the deed from Liddell & Co. to Savage and deed from Savage to Liddell & Co., cancelled as cloud upon their title. Yet it fails to aver that they are rightfully in pos-

session of the land. The demurrers raise this point and should have been sustained.—*Davis v. Bingham,* 111 Ala. 292; *Campbell v. Davis,* 85 Ala. 56; *Kilgore v. Kilgore,* 103 Ala. 614; *Peeples v. Burns,* 77 Ala. 290.

The bill as amended avers that 84½ acres of the land in the mortgage was sold by the complainants to Robin Dennis before the mortgage was foreclosed; that said land was not sold under the mortgage; yet they seek to redeem said land and fail to make Robin Dennis party complainant or defendant. Demurrers raise this and they should have been sustained therein. An assignment by mortgagor of all or any part of his interest destroys his right to redeem as to the part sold. *Thomas v. Jones,* 84 Ala. 302; *Amer. F. L. M. Co. v. Sewell,* 92 Ala. 163; *McCall v. Nash,* 89 Ala. 487.

The bill should have averred that Sam Jones was not a *bona fide* purchaser for value of part of the land sold under the mortgage; and the demurrer raising this objection should have been sustained.—*Dexter v. Shepard,* 117 Ala. 480; *Burns v. Thayer,* 115 Mass. 89; *Lehman v. Moore,* 93 Ala. 186.

JONES & JONES, *contra.*—The bill in this case seeks to redeem upon an equitable right and not upon a statutory right. Appellees sought to redeem within two years and, upon demurrers to their bill being sustained by the court, they were allowed a certain time within which to amend their bill, and the fact that the time allowed them to amend extended beyond the two years and that the court did not rule upon the amendment within the two years, the amendment having been offered and filed within the time allowed by the court, can not prejudice the appellees. For any good reason shown the time may be extended beyond two years.—*Ezzell v. Watson,* 83 Ala. 120, and authorities cited.

Under the averments in this bill that the mortgage debt had been paid before the filing thereof and asking for an account, the bill to set aside the sale would not have been barred until after the lapse of ten years.—*Askew v. Sanders,* 84 Ala. 356.

The statute declares a bill is in form sufficient if it contains a clear and orderly statement of the facts on

which the suit is founded and the names of the proper parties complainant and defendant, with a prayer for appropriate relief. Neither the statute nor any rule of practice requires that the age and residence of a complainant should be stated.—Code of 1896, § 677; *McKenzie v. Baldridge*, 49 Ala. 564.

Even were it necessary to allege the age and residence of a complainant, it could not be taken advantage of by demurrer.—*Nelms v. Edinburg American Land Mortgage Co.*, 92 Ala. 157; *Bolling v. Munchus*, 65 Ala. 558.

It was not necessary for Robin Dennis to be made a party to the bill. He had no interest in the result of the suit or the relief sought by complainants.—*Orendorff v. Tallman*, 90 Ala. 445.

It was unnecessary to allege that Sam Jones was not a *bona fide* purchaser for value. The deed made by James Bond to appellees and the mortgage to James Bond made by appellees were recorded, and the record of the conveyance operated as notice to him and he could not be a *bona fide* purchaser.—Code of 1896, § 991.

HARALSON, J.—1. The primary object of this bill is not to redeem the lands sold under foreclosure by disaffirming the foreclosure because the mortgagee purchased at his own sale, without power in the mortgage authorizing him to do so. Its gravamen, as evidenced by its allegations and prayer is, to have the sale set aside on the alleged grounds, that Liddell & Co., who owned the mortgage by transfer and assignmnet, had no right to foreclose it and become the purchasers at the foreclosure sale, for the reason that the mortgage debt had been fully paid, and no right of foreclosure existed. The complainants ask for an account to be taken,—employing the language of the prayer,—"to ascertain whether or not anything is due on said mortgage, and if your Honor find that said mortgage has been fully paid by orators, and was paid before said mortgage sale, then your orators pray that your Honor will cancel said mortgage, and that the deed executed by William Henderson and John R. Liddell, (who composed the firm of Liddell & Co.) to Sam Jones and attached to this bill of com-

plaint and marked exhibit D, and the deed executed by J. R. Liddell & Co. to Fred. Savage and the deed executed by Fred. Savage to J. R. Liddell & Co., may each and all be cancelled and set aside by decree of your Honor as a cloud upon orators' title." If the account prayed were granted, and the fact should appear on a statement thereof, that said mortgage had been fully paid and discharged before the alleged attempted foreclosure of the same, and, on that account, the mortgage itself, the deed of Liddell & Co. to Savage and Savage's to them, and the deed of Liddell & Co. to Sam Jones were each cancelled and held for naught, then complainants would stand as the undisputed owners of the land under their deed from James Bond, unaffected by any of said conveyances as a cloud on their title. But, the prayer went further, as it was proper for it to do, and prayed in the alternative, that if the court should find that the mortgage debt had not been paid in full, then that the balance remaining due should be ascertained, and complainants allowed to redeem the lands, by paying the balance, which they declared their willingness and readiness to do. The matter of redemption is incidental to the main purposes of the bill. Upon the allegations and prayer, the bill comes safely within established equitable principles. If a mortgagee sells the property after the debts have been satisfied, he thereby offends the equitable rights of the mortgagor, which a court of equity will intervene to protect, by vacating the sale.—*Askew v. Sanders*, 84 Ala. 356; *Garland v. Watson*, 74 Ala. 323.

2. Nick Rivers was made a party defendant by amendment, after the bill was filed, by striking out Aiken's name and adding his. It is insisted on demurrer, that the right to redeem as to Rivers was barred, since more than two years had elapsed since the foreclosure, before the bill was filed. As we have shown, this is not properly speaking a bill to redeem, but one to set aside a mortgage and the sale thereunder, because it had been satisfied, and no longer remained a lien on the property mentioned in it. It was said in *Askew v. Sanders, supra,* "The limitation which bars the right of relief in such case, is the same within which an action

for the recovery of lands may be brought,—ten years." So, if said Rivers was properly made a party complainant under such a bill as this, the *prima facie* bar of two years, would be overcome as inequitable and unjust.— *Ezzell v. Watson*, 83 Ala. 120; *Askew v. Sanders, supra.*

3. There is nothing in those grounds of demurrer, that question the equity of the bill for that it does not aver that complainants are in the rightful possession of the lands, since these objections in that particular proceed upon a contradiction of the plain averments of the bill. The objections are predicated upon the theory that the bill is one for removing a cloud on title. For such purpose, the averments of possession as made in its 15th paragraph are ample.

4. Nor are the grounds questioning the equity of the bill because Robin Dennis is not made a party defendant of any avail. It is shown he has no interest in the litigation. His tract of eighty-four and one-half acres of land was not sold by defendants in their attempted foreclosure sale, but was omitted therefrom, for the reason as stated in the bill, that the same had been sold to him by complainants, title made to him by them with the concurrence of Liddell & Co. and the purchase money paid to them, to go to the satisfaction of the mortgage, "should anything be due thereon."

5. We need not decide whether the record of the deed by James Bond to complainants, and of the mortgage to him from them, operated notice to Sam Jones,— to whom, after the alleged foreclosure, Liddell & Co. conveyed 450 acres of the mortgaged lands,—so that he could not plead that he was a *bona fide* purchaser; for, if these recorded instruments did not operate notice to him, it was unnecessary for the bill to allege that he was not a *bona fide.* purchaser. That is a defense which it was his province to set up and prove.—*Hooper v. Strahan*, 71 Ala. 75; *May v. Wilkinson*, 76 Ala. 543; *Wood v. Holly M. Co.*, 100 Ala. 350.

6. The bill was amended by adding the name of Nick Rivers as a party complainant, without stating his age or residence. An infant is incapable, by himself, of exhibiting a bill, as well on account of his supposed want

of discretion, as of his inability to defend himself, and to make himself liable to the costs of the suit.—Story's Eq. Pl., § 57. If the incapacity to sue, arising from infancy or other cause, does not appear, however, on the face of the bill, the defendant must take advantage of it by plea; but, if the incapacity appears on the face of it, he may demur.—Story Eq. Pl., § § 493, 494, 722; *Nelms* v. *M. A. L. M. Co.*, 92 Ala. 162. Rivers' incapacity from infancy did not appear in the bill, and the defendant demurred. He should have pleaded, if he intended to raise his incapacity from infancy. It cannot be doubted, that the better practice in equity courts is not only to give the names and ages of the several plaintiffs,—whether they are under or over twenty-one years,—but their residence as well. As to their residence, Daniel states the rule thus: "It is not only necessary that the names of the several plaintiffs in a bill should be correctly stated, but the description and place of abode of each plaintiff must be set out, in order that the court and the defendants may know where to resort to compel obedience to any order or process of the court, and particularly for the payment of any costs which may be awarded against the plaintiffs, or to punish any improper conduct in the course of the suit."—1 Dan. Ch. Pl. & Pr. (6th Am. ed), *357. To the same effect is Story on Eq. Pl., § 26.

For this defect in the bill the demurrer should have been sustained.

The decree of the court is reversed and one will be here rendered sustaining the demurrer to the bill for the defect pointed out, and allowing the complainants thirty days within which to amend their bill.

Reversed and rendered.