## LANGWOOD PRODUCTS, Inc. v. DE LUXE GAME CORPORATION.

### Civil No. 9984.

United States District Court
E. D. New York.

Oct. 10, 1949.

Louis L. Ansart, New York City, attorney for plaintiff.

Maurice Block, New York City, attorney for defendant (S. Brin, New York City, of counsel).

BYERS, District Judge.

This is a plaintiff's motion to strike certain paragraphs in the amended answer in a patent infringement cause under Rule 12 (f), Federal Rules of Civil Procedure, 28 U.S.C.A., which empowers the court to order "stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter".

All but two of the paragraphs objected to are embraced in a counterclaim which pleads a cause of unfair competition about which a word must be said.

The denial of knowledge, etc., concerning the corporate capacity of plaintiff is insufficient to raise an issue, Rule 9(a), and as to that the motion is granted. Since the affirmative of the plaintiff's corporate status is alleged in paragraph Ninth which is the first of the counterclaim, the defendant's position on this subject is at least equivocal.

The second paragraph is so framed as to contain a denial of the assignment of the patent in suit, to the plaintiff. That is again contradicted by the averments of paragraph Twelfth which allege the issuance and assignment of the patent to the plaintiff. Rule 12(f) does not bar inconsistent allegations.

Of course the defendant will be forced to choose between these two positions, and perhaps the plaintiff is entitled to insist upon an election at this time, but apparently Rule 12(f) does not in terms justify granting so much of its motion. (See as to inconsistent defenses Rule 8(e), although a denial of course is not a defense.)

The amended answer contains denials, and five separate defenses, the apparent object being to put in issue validity and infringement.

The counterclaim alleges a cause in unfair competition, namely, the issuance, and assignment to plaintiff of the patent in suit; that the patentee and plaintiff knew that patentable invention was not disclosed, and that plaintiff knows the patent to be invalid. That plaintiff "falsely and maliciously" informed defendant's customers that defendant's device "infringed plaintiff's alleged invention and unadjudicated patent and that the defendant would and could not deliver its toys to fill any orders given therefor; that plaintiff prior and subsequent to the issuance of said patent threatened to sue all those who purchased defendant's said toy and warned retailers from purchasing any toys with magnetic assembly from anyone except the plaintiff".

That is the gist of the counterclaim which includes an assertion of $75,000 damages.

Bearing in mind that this is not a motion under Rule 12(b) to dismiss for failure to state a claim upon which relief can be granted, it is necessary to decide only whether the counterclaim contains redund-

ant, immaterial, impertinent or scandalous matter within Rule 12(f).

 The arguments in plaintiff's brief are not persuasive in these aspects of the counterclaim.

It is urged separately that jurisdiction is lacking since both parties are New York corporations conducting business in this state, citing Zenie Bros. v. Miskend et al., D.C., 10 F.Supp. 779.

Defendant urges that the rule therein stated should be compared with Title 28 U.S.C.A. § 1338(b), effective September 1, 1948, reading: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws."

That statute is said in the Reviser's Notes to have enacted the existing rule under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, wherein a copyright owner asserted a cause based on infringement and unfair competition; these were held not to be separate causes but different grounds asserted in support of the same cause.

Such is not this defendant's position; he is not asserting patent infringement and unfair competition in connection therewith.

He pleads unfair competition in that an unadjudicated patent, which he asserts is invalid, has been improperly exploited by the patentee to his damage. If the plaintiff had not brought this suit at all, and the defendant had proceeded independently to recover a judgment such as he here seeks, he would not be "asserting a claim of unfair competition * * * joined with a substantial and related claim under the * * * patent * * * laws" for he asserts no patent rights, but contents himself with alleging that plaintiff's apparent rights under the patent law are in truth non-existent.

 This counterclaim does not seem to fall within the purpose of the statute which has been quoted, and the decision relied upon by plaintiff would have to be followed and the counterclaim dismissed for lack of jurisdiction, if this motion were an appropriate one to test the question. However, Rule 12(f) is inappropriate in this connection, because the pleading does not contain an "insufficient defense", for it is not a defense at all; nor does it contain "redundant, immaterial, impertinent, or scandalous matter".

Except as noted, the motion to strike is denied. Settle order.