## BRUSH v. HARKINS (three cases).

### Nos. 924–926.

United States District Court
W. D. Missouri, S. D.

Dec. 23, 1949.

Theodore Beezley, Springfield, Mo., for plaintiffs.

Miller & Fairman, Springfield, Mo., for defendant.

REEVES, Chief Judge.

In two separate actions the defendant by her answers (in cases 924 and 926) seeks recovery as a counterclaim for damages claimed to have accrued to her automobile by the collision which forms the basis of all the actions.

Plaintiffs have filed motions to vacate order consolidating the above numbered cases. Plaintiffs Charles Brush and Alice M. Brush have filed motion to dismiss Count II of defendant's counterclaim and separate motion to dismiss Count II of defendant's counterclaim or to make National Grange Fire Insurance Company party-plaintiff or, in the alternative, party-defendant, upon the ground that defendant has heretofore been indemnified by the insurance carrier and has subrogated all her rights therein to such carrier.

The plaintiffs justify their motions upon the theory of Coburn v. Coleman, D.C., 75 F.Supp. 107. In this case, 75 F.Supp. pages 108 and 109, the court held the defense or objection of lack of capacity to sue or to be sued must be raised by motion prior to answer or in the answer itself, otherwise, the defendant is held to have waived the objection.

1. Adverting to Rule 9(a), Rules of Civil Procedure in the Federal Courts, 28 U.S.C.A., it is there provided that "when a party desires to raise an issue as to the legal * * * capacity of any party to sue * * * he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

In the case relied upon it was properly held that "the grounds upon which the defendant asserts the lack of capacity on the part of the plaintiff to sue in this court *appears affirmatively* (emphasis mine) upon the face of the complaint. Therefore, it is not necessary for the defendant to raise the issue as to the authority of the administratrix to sue in her representative capacity by specific negative averment. It is not necessary to raise this issue by answer; it may be made by motion to dismiss."

An examination of the answer in this case does not disclose facts which would warrant a motion to dismiss. Whether the defendant has been paid an indemnity on her collision insurance is a question which must await the proofs. If it should appear that she has been paid and has assigned her claim, then under the authority of General Exchange Insurance Corporation v. Young, 357 Mo. 1099, 212 S.W.2d 396, the defendant would not have the capacity to maintain her action on her counterclaims. The court in that ruling expressly overruled Subscribers, etc. v. Kansas City Public Service Co., 230 Mo.App. 468, 91 S.W.2d 230.

2. The other question is what proper disposition of the motion to vacate the order of consolidation should be made. Under Rule 42(a), Federal Rules of Civil Procedure, consolidations are authorized "when actions involving a common question of law or fact are pending before the court." In such case, "it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

This rule was construed (if it needed construction) and the action of the trial

court in consolidating cases was approved in Polito v. Molasky, 8 Cir., 123 F.2d 258.

At this time no reason appears why the cases should not be tried together for, in truth and in fact, they involve common questions of law as well as fact. It would require much time to try the cases separately and this would be a useless and unnecessary expense. It has been the practice in this court, under the rule mentioned, to consolidate cases precisely as in the above case. One jury could well and intelligently settle all the factual questions.

Accordingly, at this time the motion to vacate the order of consolidation will be overruled. If it should appear at any time later that the interest of justice might require, separate trials may be ordered.