### KLEINMAN v. BETTY DAIN CREATIONS, Inc.

United States District Court
S. D. New York.
Dec. 29, 1949.

Lackenbach & Hirschman, New York City, attorneys for plaintiff.

Finke, Jacobs & Hirsch, New York City, attorneys for defendant.

RIFKIND, District Judge.

The device which is accused of infringing plaintiff's patent No. 2,422,834, issued June 24, 1947, consists of a shoulder-pad designed to be worn upon the shoulder underneath the brassiere-strap. Its purpose is threefold: to serve as an ordinary shoulder pad, to dispense with sewing the pad to the garment, and to reduce the pressure of the strap upon the shoulder. The means by which this is accomplished consist of the following: two short tapes are attached to the upper face of the shoulder-pad along the forward and after edges of the pad; the free end of the tape is provided with the male half of a snap fastener which engages the female half secured to the pad; the brassiere strap passes across the shoulder-pad and is secured in place by fastening down the two tapes across the strap.

Claims 1, 2, 3, 4, 7, 8, 9, 10, 11, 12 have been put in issue. I shall quote claim 11 which most nearly approximates the accused device.

"11. A shoulder-pad comprising a body-portion provided with a flaring element, the free end portion of said flaring element provided with fastening means, said body-portion provided with fastening elements, said flaring element adapted to enclose a shoulder-strap, the fastening means of said flaring element adapted to be interlocked with the fastening elements of said body-portion thereby connecting the free end portion of said flared element to said body-portion and securing said shoulder-pad to said shoulder-strap, said fastening means adapted to be unlocked from said fastening element thereby separating the free end portion of said flared element from said body-portion for the purpose of removing said shoulder-pad from said shoulder-strap."

If the "flaring element" (singular) may be assimilated to, or regarded as the equivalent of, the two narrow tapes of the accused device, infringement may be inferred. Were the plaintiff's claimed invention anything but the merest triviality I suppose that I would not cavil and I would find a trespass on plaintiff's monopoly. However, in dealing with trivialities it is reasonable that we apply a Lilliputian scale of measurements. By such a scale the differences, especially since they unquestionably represent a difference in cost of production, are material. Neither the claims nor the specifications disclose the use of the simple tapes which defendant has employed.

I find the accused device innocent of infringement.

That the patent is invalid for want of invention is altogether too clear. The only aspect in which the claims may be said to suggest something new is that the words

of the claims do not appear in any of the earlier patents issued out of the Patent Office. Even that is not strictly true. Claim 1 of Patent No. 2,416,415 issued to Stehlik on February 25, 1947, reads:

"A shoulder pad comprising, in combination, a pad proper, a casing enveloping said pad proper, and a relatively long flap attached to said casing and adapted to be folded back upon and releasably anchored to said casing so as to form a long case open at both ends for reception of a shoulder strap of a garment."

 This differs in no substantial degree from the quoted claim of the patent in suit. Surely the use of the words "flaring element" instead of "flap" is without significance, and claim 10 of the patent in suit uses "flap section" instead of "flaring element". True, plaintiff claimed a date of conception (December, 1941) earlier than Stehlik's filing date, September 29, 1945 and was successful in the Patent Office. See Rule 75, Rules, U. S. Patent Office, 35 U.S.C.A.Appendix. But we may consider Stehlik as well as Kerrigan, No. 2,440,548, issued April 27, 1948, filed April 11, 1946, and Zacks, No. 2,422,161, issued June 10, 1947, as showing the ease with which shoulder-pads have been correlated to brassiere-straps to achieve a variety of desired purposes.

No evidence of commercial success has been adduced.

The patent is void for want of invention.

The second cause of action is based upon the claim of confidential submission of a novel device and plaintiff relies on the doctrine expressed in such cases as Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 1935, 80 F.2d 912, certiorari denied 298 U.S. 673, 56 S.Ct. 938, 80 L.Ed. 1395; Booth v. Stutz Motor Car Co., 7 Cir., 1932, 56 F.2d 962; De Filippis v. Chrysler Corp., D.C., S.D.N.Y., 1944, 53 F.Supp. 977, affirmed. 2 Cir., 159 F.2d 478, certiorari denied 331 U.S. 848, 67 S.Ct. 1733, 91 L.Ed. 1857.

Neither of the parties has raised the jurisdictional issue. Nevertheless it cannot be overlooked. The absence of diversity is declared upon the face of the complaint. To prove the second cause of action plaintiff has introduced proof utterly irrelevant to the first cause of action, relating to the negotiations between plaintiff and defendant and the agreement between them.

In the light of Foster D. Snell, Inc. v. Potters, 2 Cir., 1937, 88 F.2d 611; Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9, certiorari denied 317 U.S. 641, 63 S.Ct. 33, 87 L.Ed. 517; Zalkind v. Scheinman, 2 Cir., 1943, 139 F.2d 895, certiorari denied 322 U.S. 738, 64 S.Ct. 1055, 88 L.Ed. 1572, I believe I am bound to dismiss this cause of action for want of jurisdiction. 28 U.S.C.A. § 1338 is, according to the Revisers' Notes, no more than a restatement of the rule prevailing under Federal decisions.

The first cause of action is dismissed on the merits.

The second cause of action is dismissed for want of jurisdiction.