STEINHARDT NOVELTY CO., Inc. v. ARKAY INFANTS WEAR, Inc., et al.

Civ. No. 10365.

United States District Court
E. D. New York.

April 4, 1950.

284

Henry L. Burkitt, New York City, for plaintiff, in opposition.

Harry Price, New York City, for defendants for motion.

KENNEDY, District Judge.

The suit is for a declaratory judgment, plaintiff's object being to establish that letters patent owned by the defendants are invalid and, if valid, that plaintiff has been guilty of no infringement in the marketing of certain garments suitable for wear by infants. There is a counterclaim, mentioned later.

Defendants move for three forms of relief: (1) that the complaint be dismissed because it fails to state a claim under the Clayton and Sherman Anti-Trust Acts, 15 U.S.C.A. §§ 1, 2, 7 and 15, (2) that the complaint be dismissed because it fails to state a claim, within the jurisdiction of the court, for relief against unfair competition, and (3) for permission to withdraw the answer and counterclaim, and in the event this be granted, either that plaintiff's complaint be dismissed or that an order issue requiring plaintiff to state separately the claims which it desires to assert.

As has been suggested, the letters patent involved in the suit relate to infants' wear, and the controversy centers around the validity and infringement of letters patent relating to infants' garments having a moisture-proof lining. According to plaintiff's complaint, there is a real controversy between the parties concerning validity and infringement, and defendants have interfered with plaintiff's business by what plaintiff calls "unwarranted notices of infringement" to customers or potential customers of the plaintiff.

Discussion of the questions involved will be simplified if I deal with the grounds of defendants' motion in an order inverse to that in which they are stated in the notice of motion. Defendants wish to withdraw their answer, and specifically defendant Arkay Infants Wear, Inc. (for brevity called Arkay) applies for permission to withdraw its counterclaim based upon allegations that its patents are valid and infringed, and that plaintiff has been guilty of unfair competition.[1] The patents referred to are the same as those which are the subject of plaintiff's complaint. The reopening of the pleadings would, of course, also be accomplished, by a rather devious route, if plaintiff were compelled separately to state a number of "causes of action". However, as I read the complaint, there is no difficulty, or should be none, in arriving at an understanding of the claim which plaintiff asserts, and that being so, there is no occasion to direct the plaintiff to state its claims separately.

As for the remainder of defendants' motion, namely, that the complaint be dismissed on the ground that no proper claim is asserted under the Sherman Anti-Trust and Clayton Acts (complaint par. 4th, 8th and 9th), or for unfair competition (complaint par. 6th, 7th, 8th and 9th), only the

---

1. So far as the application of defendant Arkay to withdraw its counterclaim is concerned, I feel that I should point out that it is clearly stated in its pleading (counterclaim) that the claim is one arising out of the same transactions as those which gave rise to the complaint, i e., it is a compulsory counterclaim (Federal Rules Civil Procedure, rule 13 (a), 28 U.S.C.A.). Of course, no suitor is obliged to press a claim for relief, and Arkay is free to take a voluntary dismissal of its counterclaim at any time up to judgment. But if it does so, it will, I think, run the very clear risk, under the compulsory counterclaim rule just mentioned, of a judgment which will foreclose it from asserting the claim again. This is a matter for counsel to consider.

vaguest reasons are put forward to support it, except in one particular. It is said that there is no diversity of citizenship, and that the unfair competition claim will not lie even under the doctrine of Hurn v. Oursler, 1932, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, because the two grounds of recovery (i. e., infringement and unfair competition) will require supporting proof which is not substantially identical, and therefore there is no jurisdiction over the claim of unfair competition. Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9; Zalkind v. Scheinman, 2 Cir., 1943, 139 F.2d 895; Lewis v. Vendome Bags, 2 Cir., 1939, 108 F.2d 16, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008. Judge Byers, (Langwood Products, Inc. v. De Luxe Game Corp., D.C.1949, 9 F.R.D. 418) tacitly, and Judge Rifkind explicitly (Kleinman v. Betty Dain Creations, Inc., D.C.1949, 88 F.Supp. 637) take the position that the rule of substantial identity of proof, laid down in Musher, Zalkind and Lewis, has not been changed by the enactment of 28 U.S.C.A. § 1338, quoted in the margin.[2]

Judge Smith, in Schreyer v. Casco Products Corp., D.C.Conn., 1950, 89 F.Supp. 177, 178, takes the view that the revised statute did more than merely give legislative expression to the doctrine of Hurn v. Oursler: that the intention of the revisers was to dispense with the "substantial identity of proof" requirement and to adopt the views expressed by Judge Clark, dissenting in Musher Foundation, Zalkind and Lewis.[3]

But whatever the correct rule may be, it seems to me quite contrary to the spirit of the Rules of Civil Procedure to forecast in this case on the basis of motion papers the course which the proof will take, and on the basis of such forecast to deny jurisdiction. The fact is, I submit, that if one aim of the Rules of Federal Procedure is to dispense with "causes of action", and in the matter of pleading merely to require a succinct statement of a "claim or claims", then the district judges will defeat that purpose if they are required to scrutinize every pleading, to assume that the pleaders and the court are bound to follow rigidly everything that is alleged and to deny relief because of faulty craftsmanship on the part of the pleader, even though the claim is supported by substantial grounds.

That nebulous term "cause of action" and the persistence of the expression in cases subsequent to Hurn v. Oursler, supra, will inevitably drive patent and copyright pleaders into asserting under one "claim" all of the possible grounds for relief. The case at bar is a fair example. There is asserted one claim: that the rights of the plaintiff be declared in respect of conduct by the de-

---

2. 28 U.S.C.A. § 1338 is entitled "Patents, copyrights, trade-marks, and unfair competition" and reads:
   "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases.
   "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

3. An interesting question concerning the applicability of these cases to the case at bar would arise if the defendant Arkay decided to stand on its counterclaim based on a charge of unfair competition. Arkay and its co-defendant have challenged the right of the plaintiff to use a non-federal claim of unfair competition as one ground

of its single claim, because it will not be supported by proof identical with that used in support of the federal ground, namely, whether the letters patent are invalid, or, if valid, not infringed. Yet in support of defendant Arkay's non-federal charge of unfair competition the court would be compelled to open the record to any proof urged in support of Arkay's claim, and the plaintiff would certainly be free to meet such proof. It, therefore, seems likely that the defendants, and particularly the defendant Arkay, find themselves in a procedural dilemma: (1) if the counterclaim, based on a claim of unfair competition be withdrawn, there is certainly a risk, as noted previously, that the doctrine of res judicata will apply against Arkay, since it has failed to assert a compulsory counterclaim, and (2) if the counterclaim be pressed, then the doctrine of Musher, Zalkind and Lewis becomes in practice impossible to apply.

fendants claimed to be oppressive on several grounds, common-law and statutory. To dissect out the separate grounds and, in the absence of proof, to determine jurisdictional questions concerning each separate ground of relief to me is to violate the concept of speedy, just and inexpensive determination of a law suit.

The motion is denied.