I concur in the result. Because my reasons for reversing this summary judgment as to the contract claim against Magic City Dodge are at variance with those set forth in the majority opinion, I take this opportunity to set forth my reasons.
In her complaint, Mrs. Dennis alleged that her late husband, Andrew J. Dennis, had prostate cancer; that because of his illness, he had difficulty getting in and out of the cab of his small pickup truck; that he went to Magic City Dodge to buy a new, larger pickup truck; and that he selected a truck and made arrangements for financing. Mrs. Dennis alleged that her husband told the salesman that he had terminal cancer and that he could not buy the truck unless he could obtain a credit life insurance policy that would pay off the loan if he died before it was paid off.
Unquestionably, a credit life policy was arranged through defendant Peninsular Life Insurance Company. Mr. Dennis died with a balance remaining on his account, but Peninsular refused to pay on the contract and returned the premiums to Mrs. Dennis. It claimed that Dennis had a preexisting condition and was unemployed when he took out the policy, that it was therefore under no obligation to pay under the terms of the policy, and that the policy was void. I agree with the trial court that Peninsular is not liable in contract or tort under the facts of this case.
In its brief on appeal, Magic City Dodge raises for the firsttime the argument that Sarah Dennis could not sue on the alleged breach of contract because she was not a party to the contract of insurance sued upon, and that she was not in privity with a party.
Mrs. Dennis argues that Magic City Dodge did not in its answer object to her lack of capacity to sue and filed only a general denial in response to her complaint. The record confirms her argument. Magic City Dodge filed only an answer generally denying the allegations of the complaint, then filed interrogatories and motions to produce, and, after receiving responses to the interrogatories and the motions to produce, and after completion of discovery, filed the motion for summary judgment, that is now under consideration on this appeal.
Magic City Dodge's motion was styled "Motion for Partial Summary Judgment" and it stated:
 "The Defendant, Magic City Dodge, Inc., moves the Court for entry of summary judgment in this cause in that there is not a genuine issue of material fact, and *Page 620 
that this Defendant is entitled to a judgment as a matter of law. This motion is based upon the complaint and answer thereto, the Plaintiff's answers to this Defendant's interrogatories, and the deposition of the Plaintiff."
The trial court did not list the ground or grounds upon which the summary judgment was granted, but, based upon the record before us, I assume that it was upon the ground that neither defendant agreed to provide credit life benefits to the deceased.
My assumption is based upon my reading of Mrs. Dennis's pleadings. In her amended complaint, she alleged, inter alia, the following:
 "During the negotiations and prior to the purchase of the motor vehicle by the deceased, the Defendants, Magic City Dodge, Inc., and Peninsular Life Insurance, by and through their agents, servants, and employees, for the purpose of inducing the said Andrew J. Dennis, to purchase the motor vehicle, recommended that the said Andrew J. Dennis take out Credit Life Insurance on his life. The said Andrew J. Dennis advised the Defendants that he was at that time suffering from terminal cancer. Said Defendants, for the purpose of inducing the deceased to purchase the motor vehicle and Credit Life Insurance stated that the preexisting disease or illness from which Mr. Dennis was suffering would not in any way affect his coverage under the terms and conditions of that policy of insurance. Said Defendants further represented to the said Andrew J. Dennis that in the event that he subsequently died from cancer, the insurance policy would pay off the loan regardless of the preexisting nature of the illness.
 Relying upon the representations of the Defendants, Andrew J. Dennis purchased the motor vehicle from the Defendant Magic City Dodge, Inc., a corporation, financing the majority of the purchase price with the Defendant AmSouth Bank, N.A., and paying to the Defendant Peninsular Life Insurance Company, a total premium of four hundred fifty-two [dollars and] ninety-four cents ($452.94) on the life of Andrew J. Dennis.
 On or about September 25, 1984, Andrew J. Dennis died of cancer. The Plaintiff reported this information to the Defendants, and each of them, and demanded that the insurance policy be applied to the balance of the purchase price owing on the motor vehicle purchased from the Defendant Magic City Dodge, Inc., a corporation. The Defendant Peninsular Life Insurance Company denied coverage and assigned as grounds therefor the preexisting nature of the illness from which Mr. Dennis was suffering at the time of the execution of the loan agreement and the insurance agreement."
Mrs. Dennis then alleged that the truck was repossessed by the creditor and that she, "as the surviving widow of Andrew J. Dennis, was deprived of all right, title and interest in and to said motor vehicle." She claimed both compensatory and punitive damages.
While it is apparent that Mrs. Dennis was not in privity of contract with Magic City Dodge, it is also apparent that Mrs. Dennis presented some evidence to the effect that the agents of Magic City Dodge were told by her late husband that he had cancer, and that he wanted it arranged so that if he died his wife would not have to worry about a thing. It is undisputed that the creditor did, in fact, repossess the truck.
Although I have not found an Alabama case in which a person who was not in privity of contract was allowed to maintain an action to recover benefits under a promise to pay off an indebtedness in the event of the death of the debtor, I have found that some jurisdictions do recognize that persons not in privity of contract may maintain an action in an individual capacity. One court held that a party need not be the named beneficiary of the credit life policy to have standing to pursue his claim, on the theory that one for whose benefit a contract is made may maintain an action thereon in his own name even though the undertaking is not directly to or with him. See, *Page 621 Braden v. Republic-Vanguard Life Ins. Co., 657 S.W.2d 241 (Ky. 1983). See also, Annot., "Failure of Creditor, or Creditor's Assignee, to Secure Credit Insurance as Affecting Rights or Liabilities of Debtor, Upon Debtor's Loss," 88 A.L.R.3d 794 (1978). Certainly, if Mrs. Dennis was a co-obligor on the debt she could sue. Waldon v. Commercial Bank, 50 Ala. App. 567,281 So.2d 279 (1973).
It is undisputed that Mrs. Dennis's lack of capacity to sue was raised for the first time on appeal. There is absolutely nothing in the record to indicate that Magic City Dodge brought her alleged lack of capacity to sue to the attention of the trial court, as required by our rules of civil procedure. Of course, if the trial judge granted summary judgment on the contract claim on the basis that Mrs. Dennis lacked standing to sue on the alleged contract, then, based on a fair reading of the pleadings, I conclude that the trial judge erred in dismissing the claim without allowing a Rule 17, Ala.R.Civ.P., substitution of parties, as the majority opinion correctly holds. Rule 17 states:
 "(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
Even assuming that the pleadings failed to show that Mrs. Dennis was suing in her individual capacity, the proper procedural method for raising such a lack of capacity is a motion pursuant to Rule 9, Ala.R.Civ.P.:
 (a) Capacity. . . . When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis added.)
The commentary to Rule 9, Ala.R.Civ.P., states the appropriate procedure to be followed in cases such as this when the capacity of a party to sue is in question:
 "Objections to lack of capacity will be made under Rule 9(a) much as under the present practice, although they now are to be presented by the answer rather than by demurrer or special plea. It has long been held in Alabama that lack of capacity cannot be raised under a general denial, Espalla v. Richard Sons, 94 Ala. 159, 10 So. 137 (1891), Hicks v. Biddle, 218 Ala. 2, 117 So. 688 (1928), and this will continue to be true under the rule, which requires a 'specific negative averment.' Langwood Products v. De Luxe Game Corp., 9 F.R.D. 418 (E.D. N.Y. 1949). An allegation that defendant lacks knowledge or information sufficient to form a belief as to capacity raises no issue, Tractortechnic Gebrueder Kulenkempft Co. v. Bousman, 301 F. Supp. 153 (D.C.Wis. 1969); Kucharski v. Pope Talbot, 4 F.R.D. 208 (S.D.N Y 1944). Although rule 9(a) does not so provide, it has been held that a lack of capacity appearing affirmatively on the face of the complaint can be raised by motion to dismiss. Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965); Coburn v. Coleman, 75 F. Supp. 107 (W.D.S.C. 1947); cf. Brush v. Harkins, 9 F.R.D. 604 (W.D.Mo. 1949). See Wright Miller, Federal Practice and Procedure, Civil § 1294 (1969). Existing Alabama practice is similar, City Loan and Banking Co. v. Poole, 149 Ala. 164, 43 So. 13 (1907); Liddell Co. v. Carson, 122 Ala. 518, 26 So. 133 (1898)." (Emphasis added.) *Page 622 
I am not convinced that it is apparent on the face of the pleading that the plaintiff could not sue on a contract made by her late husband with Magic City Dodge. In any event, Magic City Dodge was not entitled to a dismissal of the cause in view of the clear mandate of Rule 17.
We have held that "[c]apacity to sue is not part of the plaintiff's prima facie case, and when a defendant wishes to make an issue of the plaintiff's capacity to bring an action, he must do so by 'specific negative averment.' A.R.Civ.P. 9(a)." Moseley v. Commercial State Bank, 457 So.2d 967, 969
(Ala. 1984). Failure to raise this defense before judgment generally constitutes a waiver. Id.
In Alabama Power Co. v. White, 377 So.2d 930 (Ala. 1979), a wife brought an action under the workmen's compensation statute against the power company arising out of the electrocution of her husband while he was on the jobsite. This Court held that "dependency" under the workmen's compensation law was an issue of capacity that the wife was not required to prove until the defendant had placed capacity in issue by a specific negative averment. The Court specifically held:
 "Rule 9 of ARCP did not change but rather adopted the rule in regard to capacity which prevailed in this state prior to the effective date of ARCP. In Gardendale Subaru Motors, Inc., v. Fields, 345 So.2d 1357 (Ala.Civ.App. 1976), the Court of Civil Appeals held that when the issue of capacity is not raised until after judgment has been rendered at trial then the issue has been raised too late to be considered by the trial court and thus too late to be raised on appeal. The federal cases are uniform in holding that Rule 9(a) 'specifically provides that the capacity [or] authority of a party to sue need not be averred. It further provides that lack of capacity is an affirmative defense which must be raised by answer. Having failed to assert it by motion prior to answer or in the answer itself, defendant must be held to have waived its objection.' Chemacid, S.A. v. Ferrotar, 3 F.R.D. 45 (S.D.N.Y. 1942). Appellant argues in its reply brief and at oral argument that its general denial or general demurrer places at issue every aspect of plaintiff appellee's case including whether or not she was a dependent entitled to bring this action under § 25-5-11(a) [Ala. Code 1975]. A general denial, such as the one in the instant case does not meet the requirement of Rule 9(a) that capacity must be challenged by specific negative averment.
 "In resolving Issue No. I, we hold that § 25-5-11(a) by the phrase 'the employee, or his dependents in case of his death, may proceed against the employer' gives to the dependents CAPACITY to bring suit against the employer under certain circumstances. We hold that dependency is capacity under § 25-5-11(a) which must be denied by the defendant by specific negative averment and that in the instant case APCo's motion for judgment notwithstanding the verdict raised the issue too late for it to be considered by the trial court and thus the trial court did not err in denying this motion."
377 So.2d at 935-36.
Even though, in another setting, the defendants could be held to have waived their right to challenge the capacity of the plaintiff to sue, I would not hold that the defendants in this case are foreclosed, after remand, from raising the issue of the plaintiff's capacity by amending their pleadings to comport with the requirements of Rule 9.
I assume that the majority is of the opinion that Mrs. Dennis's complaint states only a contract claim in favor of her late husband, and that her lack of capacity affirmatively appears on the face of the pleadings. In her brief on appeal, Mrs. Dennis argues that the question of the survivability of the fraud claim was raised before the trial court, but with regard to the question of capacity, she states that it was not raised until Magic City Dodge filed its brief in this case. In her reply brief, she states that "[t]his suit was not brought by Sarah Dennis in any representative capacity." *Page 623 
In this case, the result the majority reaches does not work an injustice, because the plaintiff can amend to substitute the personal representative of her late husband's estate. While this does not answer her claim regarding her individual right to sue as a beneficiary of the contract, it does afford her a right to pursue the contract claim. Because the cause is here on appeal from a summary judgment, I need not reach the question of what would have happened had the defendant gone to final judgment, and had Sarah Dennis recovered a judgment based upon her complaint, and had the defendant then raised, for thefirst time, her lack of capacity. It is for that reason that I write so extensively. I am of the opinion that lack of capacity to sue has to be raised by "specific negative averment," unless, of course, it affirmatively appears on the face of the complaint, in which case a motion to dismiss, or, as here, a motion for summary judgment can raise it.